## RUDOLPH et al. v. LOCKWOOD et al.

(Court of Appeals of District of Columbia.
Submitted October 14, 1924. Decided
November 3, 1924.)

### No. 4084.

**I. Equity 43—Equity will not take jurisdiction, where there is plain, adequate, and complete legal remedy.**

Equity will not take jurisdiction, where there is a plain, adequate, and complete remedy at law.

**2. Injunction 85(I)—Enforcement of penal statute not enjoined.**

Commissioners of District will not be enjoined from enforcing 38 Stat. 716, forbidding construction of dwelling fronting on alley under certain conditions, notwithstanding averment of possibility of multiplicity of suits, since matters alleged in complaint seeking such injunction are available as a defense, in event of prosecution for violation of the statute, and action of police court in such prosecution is reviewable on writ of error in Supreme Court.

**3. Evidence 82—Presumption obtains that court will do justice.**

In action to enjoin enforcement of 38 Stat. 716, prohibiting construction of dwelling fronting on alley under certain conditions, it will be presumed that the police court, in the event of a criminal prosecution of the plaintiffs, will do justice and afford plaintiffs the protection to which they are entitled.

Appeal from the Supreme Court of the District of Columbia.

Action by Charlotte E. Lockwood and others against Cuno H. Rudolph, James F. Oyster, and J. Franklin Bell, Commissioners of the District of Columbia, and another. Decree for plaintiffs, and defendants appeal. Reversed and remanded.

F. H. Stephens, of Washington, D. C., for appellants.

T. G. Finucane, R. A. Cusick, and T. F. Cullen, all of Washington, D. C., for appellees.

Before MARTIN, CHIEF JUSTICE, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This case is here on appeal from a decree of the Supreme Court of the District of Columbia, restraining the commissioners of the District from taking any action or exercising any right or authority, or instituting any proceedings, under the provisions of an Act of Congress approved September 25, 1914 (38 Stat. 716), the operation of which was deferred until the 1st day of July, 1923, by the Act of Congress of September 6, 1922 (42 Stat. 837).

The act forbids the future erection or construction of any dwelling fronting on an alley in the District of Columbia, "where such alley is less than thirty feet wide throughout its entire length and which does not run straight to and open on two of the streets bordering the square, and is not supplied with sewer, water mains, and gas or electric light." The act further forbids the occupation of any dwelling which has depreciated or been damaged more than one-half its original value, where the same is situated upon an alley not conforming to the above description. It then provides that any person convicted in the police court of a violation of the provisions of the act shall "be punished by a fine of not less than $10 nor more than $100 for each such violation, and a like fine for each day during which such violation has continued or may continue."

Appellees, plaintiffs below, are owners of a number of houses fronting on Jackson Hall alley in this city. Six of the houses front on an alley 17.92 feet wide, and which does not extend straight through the block to two of the streets bordering on the square, but does open on two streets bordering on the square. This alley is supplied with sewer, water main, and gas. Three of the houses front on an alley 19 feet wide at one opening, 50 feet wide in the center portion, and 20 feet wide at the other opening, which does run straight through the block and opens on two of the streets bordering the square. It is likewise supplied with sewer, water main, and gas. It is alleged that the buildings "are now and have been for a long time used and occupied for dwelling purposes, and that they are in good sanitary condition," and that their use and occupation is not injurious to the life, public health, morals, safety, or welfare of the District.

At the outset we are confronted by a question of jurisdiction. The prayer for injunction is based upon an anticipated situation, averred in the bill as follows: "That, if your plaintiffs continue to use and occupy the aforesaid property for dwelling purposes after the 1st day of June, 1923, the said defendants will institute a separate proceeding against said plaintiffs for each day such use is made of said property, and the defendants will cause to be recovered a separate fine and penalty for each day the said property is so used, and the defendants will cause the plaintiffs interminable vexation, annoyance, and expense, and cause a multiplicity of actions, and will work irreparable damage to the said property of said plaintiffs, and the said plaintiffs are without plain, adequate, and complete remedy at law."

[1-3] It is here sought to enjoin an anticipated criminal proceeding, which may, in the future, grow out of the attempted enforcement of an act of Congress. Equity will not take jurisdiction, where there is plain, adequate, and complete remedy at law. The rights of the plaintiffs are fully protected by a defense in the police court against a criminal prosecution, if one is attempted by the District. The matters of which complaint is here made will be available as a defense in case a criminal prosecution is attempted. It is to be presumed that the court will do justice and afford plaintiffs the protection to which they are entitled. Furthermore, if they feel aggrieved by the action of the police court, they may petition for review by writ of error in this court. The legal remedy therefor is speedy and complete.

Nor is the averment of a possibility of a multiplicity of suits sufficient to invoke equitable jurisdiction. This court in Cave v. Rudolph, 53 App. D. C. 12, 287 F. 989, denying relief by injunction to restrain the enforcement of a police regulation of the District of Columbia, said: "Nor does the possibility of a multiplicity of arrests and trials in such cases, pending a final decision of the question, avail to bring the issue within the jurisdiction of equity; for, if a party should elect to repeatedly violate the ordinance before a final decision could be had concerning its validity, he could not complain of its enforcement against him under the circumstances. He could nevertheless save his rights by error, as in other cases, and, if the prosecution should actually proceed with numerous trials against an individual, instead of relying upon a single test case, equity could thereupon interfere to prevent that procedure, leaving the issue nevertheless to be decided at law. The present case does not now present such a situation. Third Ave. Railroad Co. v. Mayor et al., 54 N. Y. 159."

From the almost exact similarity of the issues involved, the decision of this case can well rest on the able opinion of Chief Justice Martin in the Cave Case.

The decree is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.