### McKEE et al. v. RUDOLPH et al., District Com'rs.

(Court of Appeals of District of Columbia. Submitted March 1, 1926. Decided April 5, 1926.)

No. 4316.

1. **Injunction** ⬅85(2)—Plaintiffs, suing to enjoin enforcement of act extending Food Control and Rents Act, held to have adequate remedy at law (Act Cong. May 17, 1924, 43 Stat. 120; 41 Stat. 298).

Plaintiffs, asserting invalidity of Act Cong. May 17, 1924, extending provisions of title 2 of Food Control and District of Columbia Rents Act, approved October 22, 1919, as amended, and seeking to enjoin enforcement thereof, *held* to have an adequate remedy at law by assertion of the identical claims in prosecution for violation of the act.

2. **Injunction** ⬅105(1)—Where adequate remedy at law exists, equity will not enjoin threatened criminal prosecution, or stay criminal proceedings already commenced.

Where a plain, adequate, and complete remedy at law exists, equity will not take jurisdiction to enjoin a threatened prosecution for violation of a criminal statute, nor to stay criminal proceedings already commenced.

Bland, Acting Associate Justice, dissenting.

Appeal from the Supreme Court of the District of Columbia.

Suit by Lena B. McKee and another, trustees under the will of Townley A. McKee, deceased, and another, against Cuno H. Rudolph and others, Commissioners of the District of Columbia. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

E. F. Colladay, B. B. Pettus, and C. C. Cooper, Jr., all of Washington, D. C., for appellants.

F. H. Stephens and R. L. Williams, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. In the lower court the appellants, as plaintiffs, filed a bill in equity, praying for an injunction to restrain the commissioners of the District of Columbia from enforcing the provisions of a certain Act of Congress approved May 17, 1924 (43 Stat. 120), upon the ground that the act is unconstitutional and void, and constitutes an invasion of appellants' property and contract rights without due process of law. The lower court dismissed the bill for want of jurisdiction. Hence this appeal.

It is alleged in the bill that appellants conduct and operate a hotel in the District of Columbia for the accommodation of transient and permanent guests, charging rates which vary according to the conditions of the business and the cost of the many and varied items entering into the expenses of the establishment; that on May 17, 1924, the Congress of the United States passed an act, entitled "An act to extend for the period of one year the provisions of Title II of the Food Control and the District of Columbia Rents Act, approved October 22, 1919, as amended"; that by this enactment hotel proprietors, such as the appellants, are required to post in a conspicuous place in each guest room a card or sign plainly stating the price per day of such room, and the price of meals if the hotel is conducted on the American plan; that a copy of such rates for each room shall be filed with the commissioners of the District of Columbia; that the rates charged for rooms shall not be advanced in less than 30 days from the date of the approval of the said commissioners of the written application therefor, and in the event an advance in rates is granted the same requirements with reference to the posting of notices and filing copies thereof shall apply; that any person, firm, or corporation who shall violate any of the provisions of the act, or who shall charge any guest a rate in excess of the posted rates, shall be deemed guilty of a misdemeanor, and upon conviction thereof fined not less than $10 nor more than $100 for each offense; and that the commissioners of the District of Columbia are charged with the enforcement of the act.

It is alleged in the bill that the act in question is unconstitutional and unwarrant-

ed, and its enforcement would result in irreparable injury to appellants, by depriving them of their property rights and liberty of contract without due process of law; but that the commissioners of the District of Columbia nevertheless intend to enforce its provisions, and will do so unless prevented by decree of this court. It appears by a supplemental bill that since the filing of the original bill the commissioners have caused the arrest of appellants on a warrant issued upon the filing of an information in the police court of the District of Columbia, charging them with violating the act by failing to post in a conspicuous place in each room of their hotel a card or sign as required thereby, and failing to file a copy of such rates with the commissioners of the District of Columbia, and that said criminal proceedings have been continued by agreement of counsel pending the determination of the present equity suit. The appellants prayed as aforesaid for an injunction to restrain the commissioners from attempting in any wise to enforce the provisions of the act.

[1, 2] We think that the lower court was right in dismissing this bill. The appellants, as defendants in the police court, are entitled to rely upon the identical claims which they present in this suit, and to have them passed upon according to the same principles as here. Moreover, they have the right to apply for a review by this court of the judgment of the police court, should it be adverse to them. They have therefore a plain, adequate, and complete remedy at law for the protection of the rights claimed by them. Under such circumstances, equity will not take jurisdiction to enjoin a threatened prosecution for the violation of a criminal statute, nor to stay criminal proceedings already commenced. In re Sawyer, 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402; Rudolph v. Lockwood, 55 App. D. C. 101, 2 F.(2d) 319. The same rule applies to prosecutions for the violation of municipal ordinances. Cave v. Rudolph, 53 App. D. C. 12, 287 F. 989, and cases cited.

Appellants claim that equity should intervene in this instance in order to prevent a multiplicity of suits or prosecutions. It appears, however, that only a single prosecution has been commenced, to serve as a test case under the statute, and that proceedings therein have been suspended to await the result of this suit. It cannot, therefore, be claimed that appellants have been or are likely to be needlessly harassed by a multiplicity of prosecutions. Nor is it important that the present suit in equity was begun before the commencement of the prosecution aforesaid, since appellants cannot lose any of their rights by defending at law, instead of suing in equity. Stress is laid by appellants upon the claim that the act of Congress in question constitutes an invasion of their property rights, and that this fact furnishes a ground for equitable action. The act, however, does not deprive appellants of any property rights, but simply regulates the conduct of their business as hotel keepers; and, moreover, its constitutionality may be speedily and effectually tried at law.

It is contended by appellants that the present ruling is contrary to that of this court in the Minimum Wage Case, Children's Hospital v. Adkins, 52 App. D. C. 109, 284 F. 613, wherein the court entertained a bill in equity to restrain the enforcement of an unconstitutional act of Congress. In that case, however, Lyons, one of the complainants, had no remedy at law, because of the fact that she would not be guilty of a misdemeanor, nor liable to prosecution, in case she joined in a violation of the act. See Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Marcus Brown Holding Co. v. Feldman (D. C.) 269 F. 306, 311.

Accordingly, without touching upon the question of the constitutionality of the act, we affirm the decree of the lower court, dismissing appellants' bill for want of jurisdiction, with costs.

BLAND, Acting Associate Justice. I must dissent from the conclusion reached by my associates, as well as from their expressed views of the law. Courts of equity will not restrain the prosecution of an invalid criminal law if the prosecuted party has a complete and adequate remedy at law; but the remedy at law, in order to exclude a concurrent remedy in equity, must be as complete, as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity. Boyce's Executors v. Grundy, 3 Pet. 210, 215, 7 L. Ed. 655; Insurance Co. v. Bailey, 13 Wall. 616, 621, 20 L. Ed. 501; Kilbourn v. Sunderland, 130 U. S. 505, 514, 9 S. Ct. 594, 32 L. Ed. 1005; Tyler v. Savage, 143 U. S. 79, 95, 12 S. Ct. 340, 36 L. Ed. 82; Walla Walla City v. Walla Walla Water Co., 172 U. S. 1, 12, 19 S. Ct. 77, 43 L. Ed. 341.

Based upon the foregoing principle, I think it proper to state the following two settled and well-understood rules of law, which,

in my judgment, the ruling opinion either ignores, or, to say the least, fails to give to them sufficient weight, in view of their importance to the issues at bar, and of their controlling influence in ruling cases decided by the highest courts of the land: (1) A court of equity will not restrain the prosecution of an invalid criminal act, in which property rights are not involved, or where such a multiplicity of actions is not so imminent as to make the remedy at law impracticable and inadequate. (2) If the prosecution of an invalid criminal law causes great injury to substantial property rights, courts of equity will restrain such prosecution. Actual multiplicity of prosecutions, or the imminence of same, are facts for the consideration of the court, going to the question of the inadequacy of the remedy at law and damages resulting therefrom.

The latter proposition is grounded upon the theory that, if there is a multiplicity of prosecutions against the same individual growing out of an invalid statute, or if his substantial property rights will be injuriously affected by the prosecution, he can have no adequate remedy at law, and that equity will intervene to withhold the operation of the invalid statute until he has had his day in court under such circumstances as to adequately protect his rights. A very great number of authorities could be cited in support of the fundamental statements above set out, but some of the cases hereinafter referred to are so replete with citation as to be almost a complete digest of the question and obviate the necessity of extended citation. Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169; Smyth v. Ames, 169 U. S. 466, 18 S. Ct. 418, 42 L. Ed. 819; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Terrace v. Thompson, 263 U. S. 197, 44 S. Ct. 15, 68 L. Ed. 255; 32 Corpus Juris, p. 277; Children's Hospital v. Adkins, 52 App. D. C. 109, 284 F. 613.

To my mind, the correct decision of this case depends largely upon a determination of the question of fact as to whether or not the prosecution of appellants by appellees, for violation of the so-called housing law would, if unconstitutional and invalid, substantially injure appellants in their property rights. I cannot see how it can be disputed that the enforcement of the provision of the act requiring the fixing of certain prices for rooms and entertainment at the hotel, and the posting of the same, as well as obtaining permission to change same, substantially affects the rights of appellants in the use and enjoyment of their property and property rights.

If the act is invalid, appellants had the clear right to negotiate with their different guests for rates under various circumstances, for which permission could not readily be obtained. It is obvious that the hotel management might want to make certain rates for a number of people occupying the same room, or one rate where the room was occupied for a certain purpose, and another rate where it was occupied for a different purpose. Their inability so to do necessarily affected the income from their hotel. The possibility of the guest being required to be a witness in a criminal prosecution might also affect his patronage of the hotel.

Believing that the substantial property rights of appellants are involved, and that they had no adequate or complete remedy at law, I am convinced that the lower court, as a court of equity, did have jurisdiction to try the case on its merits. Its dismissal of the bill for want of jurisdiction being error, and being properly assigned in this court, should be reversed. Because of my views herein expressed, I dissent.