**BELL et al., Public Utilities Commission of District of Columbia, v. HARLAN.**

Court of Appeals of District of Columbia.
Submitted March 9, 1927. Decided
May 26, 1927.

No. 4514.

1. **Carriers** ⊙=18(6)—**Operator of automobile for hire, suing to enjoin Public Utilities Commission from enforcing orders, held without remedy at law.**

Operator of passenger automobile for hire at hourly rates or on special charter contract, suing to enjoin Public Utilities Commission of District of Columbia from enforcing against him orders requiring adequate financial protection to patrons by use of indemnity insurance, or financial responsibility therefor, and equipment of vehicle with taximeter, *held* without plain and adequate remedy at law.

2. **Carriers** ⊙=8—**Business of operator of single passenger automobile for hire held not "public utility," subject to orders of commission (Act March 4, 1913, § 8, par. 2 [37 Stat. 974]).**

Orders of Public Utilities Commission of District of Columbia, under authority of Act March 4, 1913, § 8 (37 Stat. 974), requiring persons operating automobile vehicles as common carriers of persons to furnish adequate financial protection to their patrons and the public by indemnity insurance or fianancial responsibility therefor, and to equip vehicles with approved taximeters in plain view, as applied to operator of single passenger sedan automobile, who rendered service only at hourly rates or on special charter contract, *held* in excess of commission's jurisdiction; the business of such an operator not being a "public utility," within definition contained in paragraph 2 of section 8.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Public Utility.]

Appeal from the Supreme Court of the District of Columbia.

Suit by Robert Harlan against J. F. Bell and others, constituting the Public Utilities Commission of the District of Columbia. From a decree for plaintiff, defendants appeal. Affirmed.

F. H. Stephens, of Washington, D. C., for appellants.

Leon Robbins, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. The appellee, Robert Harlan, filed a bill in equity below, praying for an injunction against the Public Utilities Commission of the District of Columbia, to restrain it from enforcing against plaintiff certain of its orders relating to the business of hiring out passenger automobiles for use within the District.

The orders in question are to the effect that all persons operating automobile vehicles as common carriers of persons within the District of Columbia shall furnish and maintain adequate financial protection of their patrons and the public through adequate liability and indemnity insurance, or their financial responsibility therefor, against the negligence or unlawful acts of the carriers or their employees; that if such vehicles are operated by a person who has net clear assets in the District of Columbia, satisfactory to the Public Utilities Commission, to the extent of $5,000 for one vehicle, $7,000 for two, and $1,000 for each additional vehicle up to 43, no insurance shall be required, but that all other persons shall be required to furnish bond or liability and indemnity insurance for at least $5,000 for any one accident involving personal injury or death, and for at least $1,000 in any one accident involving damage to property, which shall be written in the joint names of the owner and the Public Utilities Commission, and be filed with the commission, with the premiums fully paid. The orders also require that all such vehicles shall be equipped with approved taximeters in plain view, together with a schedule of rates posted in a conspicuous place.

Plaintiff alleges that he is engaged in the business of hiring out his automobile and his services in and about the District of Columbia to persons by the hour or by special charter contract, under a license issued from the license office of the District, expiring on June 30, 1926; that the officials of the license office, acting upon the orders of the Public Utilities Commission, have refused and continue to refuse to issue a license to plaintiff to operate his automobile as aforesaid, unless and until plaintiff complies with the requirements of the foregoing orders. Plaintiff alleges that his assets do not total the sum of $5,000, and that he is without means to comply with defendant's orders with respect to liability insurance, bonding, and meters. Plaintiff alleges that the Public Utilities Commission has no jurisdiction over his business, and moreover that the orders aforesaid are unreasonable, ultra vires, and void, and he prays for an injunction to restrain defendant from enforcing them against him, and especially from preventing the issuing of a license to him for the operation of his automobile as aforesaid.

The case was heard below on bill and answer, and the court entered a decree perpetu-

ally enjoining the commission from requiring plaintiff to furnish the bond or indemnity insurance specified in the orders of the commission, also from enforcing the installation of a taximeter upon plaintiff's passenger automobile, and from directing the license office of the District of Columbia to withhold a license from plaintiff until he furnishes such a bond or indemnity insurance and installs a taximeter. Whereupon this appeal was taken.

[1] Appellant contends that plaintiff's allegations, if correct, disclose that he has a plain and adequate remedy at law, by disregarding the orders in question, and presenting his defense in case of an arrest for their violation— citing Cave v. Rudolph, 53 App. D. C. 12, 287 F. 989; Rudolph v. Lockwood, 55 App. D. C. 101, 2 F.(2d) 319; McKee v. Rudolph, 56 App. D. C. 207, 12 F.(2d) 148. This contention must be overruled, for the reason that plaintiff was denied a license to operate his automobile upon the streets of the District, and consequently he cannot secure a legal test of the orders in question without first violating the regulations requiring such a license. A separate penalty is prescribed for such violation. It cannot be said that plaintiff, under these circumstances, has a plain, adequate, and complete remedy at law. We must therefore inquire whether the disputed orders are applicable to plaintiff's business, and, if so, whether they are valid.

[2] The authority of the commission in this particular is derived from the Public Utilities Act of March 4, 1913 (37 Stat. 974). By paragraph 2, § 8, of the act it is provided that "every public utility is hereby required to obey the lawful orders of the commission created by this section." The term "public utility" is defined in paragraph 1 to include every "common carrier," and the term "common carrier" is defined to include any person operating any agency for public use for the conveyance of persons or property within the District of Columbia for hire. The question arises whether plaintiff is a common carrier within the sense of these definitions.

Plaintiff alleges in his bill that he is engaged in the business of hiring out his seven-passenger sedan automobile and his services in and about the District of Columbia to person or persons by the hour or by special charter contract; that he does not hire out his car and services by the mile, but only by hourly rates lower than the maximum legal rate now in force in the District of Columbia and by special charter-contract; that his car is not a taxicab, and does not have the appearance of one, but is a large seven-passenger sedan automobile, personally owned by plaintiff, and that the enforcement of the order for a taximeter would seriously detract from the suitability and attractiveness of his car as an automobile for hire for private charter parties; that plaintiff's business comes chiefly from patrons desiring to hire a car having all the appearance of a private automobile.

These allegations are not denied, and they sustain the claim that plaintiff's business is not a public utility within the intent of the Public Utilities Act. In Terminal Taxicab Co. v. District of Columbia, 241 U. S. 252, 36 S. Ct. 583, 60 L. Ed. 984, Ann. Cas. 1916D, 765, it was held that a business consisting mainly in furnishing automobiles from a central garage on orders generally by telephone is not an agency for public use, nor a public utility, within the meaning of the Public Utilities Act. Mr. Justice Holmes, speaking for the court, said:

"The rest of the plaintiff's business, amounting to four-tenths, consists mainly in furnishing automobiles from a central garage on orders, generally by telephone. It asserts the right to refuse the service and no doubt would do so if the pay was uncertain, but it advertises extensively and, we must assume, generally accepts any seemingly solvent customer. Still, the bargains are individual, and however much they may tend towards uniformity in price probably have not quite the mechanical fixity of charges that attends the use of taxicabs from the Station and hotels. There is no contract with a third person to serve the public generally. The question whether as to this part of its business it is an agency for public use within the meaning of the statute is more difficult. * * * Although I have not been able to free my mind from doubt the court is of opinion that this part of the business is not to be regarded as a public utility."

We think the instant case is governed by the foregoing ruling, and accordingly we sustain the plaintiff's contention that the Public Utilities Commission had no jurisdiction to enforce its foregoing orders against plaintiff's business, and for that reason we affirm the decree of the lower court without passing upon the other questions appearing in the record.

Affirmed.

GRAHAM, Acting Associate Justice, concurs in the decree.