### UNITED STATES v. HARRIS et al.
### Crim. A. No. 1212–49.

United States District Court
District of Columbia.

Jan. 30, 1953.

Benjamin F. Pollack, of Washington, D. C., for the United States.

Burton K. Wheeler, Edward K. Wheeler and George F. Hirmon, all of Washington, D. C., for defendant Robert M. Harris.

William E. Leahy and Ben I. Melnicoff, both of Washington, D. C., for defendants Ralph W. Moore and National Farm Committee.

Hugh Howell, Atlanta, Ga. and Victor Davidson, Irwinton, Ga., for defendant Tom Linder.

HOLTZOFF, District Judge.

In the case of National Association of Manufacturers v. McGrath, D.C., 103 F. Supp. 510, a three-judge court of this district held that Section 305 of the Regulation of Lobbying Act was unconstitutional, U.S. C.A., Title 2, Chapter 8A, Section 264.

This conclusion was based on two grounds: First, that the definition of the offense, as contained in the statute, was too indefinite to comply with the requirement of constitutional law, and the due process clause particularly, that a criminal statute must define a crime with sufficient precision

to apprise persons as to what would constitute a violation.

The second ground was that the penalty prescribed by the statute was unconstitutional in that, in addition to a fine or imprisonment, or both, it proscribed any person convicted under the statute from attempting to influence the passage or defeat of legislation for a period of three years. 2 U.S.C.A. § 269. The Court held that this provision was a violation of the constitutional rights of every citizen to petition Congress.

The penalty provision of the Act is applicable not only to violations of section 305, but also to violations of section 308, 2 U.S.C.A. § 267, which may well be severed under the separability clause. To repeat, the penalty, however, applies to both aspects of this statute.

The court does not agree that the separability clause goes far enough to make it possible to cut the penalty clause in two. In fact, if the present contention now advanced by the Government were correct, then the decision in the National Association of Manufacturers case was erroneous insofar as this ground of the decision was concerned. The court feels that that case is at least *stare decisis,* if not *res judicata.*

To be sure, the judgment in that case was set aside and the complaint dismissed by the Supreme Court, but merely on the ground that the case had become moot during the progress of the litigation, 344 U.S. 804, 73 S.Ct. 31. The court did not either affirm or reverse the decision of this court holding this statute unconstitutional, but merely failed to pass on this point. It may well be that the judgment in that case, as I stated before, is not *res judicata,* but the opinion is *stare decisis,* and will be followed by the court.

The court, therefore, is constrained to reach the conclusion, first, that the two penalty clauses of the Act cannot be severed, but constitute a single penalty; and, second, that since it applies to section 308, as well as to section 305, and since the penalty clause is unconstitutional, section 308 must be deemed unconstitutional as well as section 305.

On this ground the motion to dismiss the information is granted.

The court wishes to thank all counsel on both sides for the great assistance that has been rendered by them, not only by the oral discussion but by the very able memoranda that have been filed here by all parties.