## TERMINAL TAXICAB COMPANY, INCORPORATED, *v.* KUTZ, NEWMAN, AND BROWNLOW, COMMISSIONERS AND CONSTITUTING THE PUBLIC UTILITIES COMMISSION OF THE DISTRICT OF COLUMBIA.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 348. Argued May 2, 3, 1916.—Decided May 22, 1916.

In determining whether a corporation is or is not a common carrier the important thing is what it actually does and not what its charter says it may do.

A corporation authorized by its charter to carry passengers and goods by automobiles, taxicabs and other vehicles, but not to exercise any of the powers of a public service corporation, and which does such business, including the carrying of passengers to and from railroad terminals and hotels under contracts therewith, and also does a garage business with individuals, *held*, in this case, to be a common carrier within the meaning of the District of Columbia Public Utility Act of 1913, and subject to the jurisdiction of the Public Utilities Commission, as to the terminal and hotel business, but not as to the garage business.

Such a corporation is bound under the Public Utilities Act to furnish information properly required by the Commission in regard to its terminal and hotel business, but not as to its private garage business; and an order of the Commission requiring information as to all classes of business should be so modified and limited as not to include an inquiry into such garage business.

In this case *held* that the omission from a general order of the Commission of concerns doing such a small volume of business as, in the opinion of the Commission, did not bring them within the meaning of the Act did not amount to such a preference as to deny those affected by the order the equal protection of the law.

43 App. D. C. 120, modified.

THE facts, which involve the construction and application of the provisions of the Act of March 4, 1913, creat-

ing the Public Utilities Commission of the District of Columbia, are stated in the opinion.

*Mr. G. Thomas Dunlop* for appellant.

*Mr. Conrad H. Syme* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to restrain the Public Utilities Commission of the District of Columbia from exercising jurisdiction over the plaintiff. The Commission was created and its powers established by a section (§ 8) of an appropriation act, divided into numbered paragraphs. Act of March 4, 1913, c. 150, § 8. 37 Stat. 938, 974. By paragraph 2 of the section 'Every public utility is hereby required to obey the lawful orders of the Commission,' and by par. 1 public utility embraces every common carrier, which phrase in turn is declared to include 'express companies and every corporation . . . controlling or managing any agency or agencies for public use for the conveyance of persons or property within the District of Columbia for hire.' Steam railroads, some other companies, and the Washington Terminal Company are declared not to be within the words. The main question is whether the plaintiff is a common carrier under the definition in the act. The bill was dismissed by the Supreme Court and the decree was affirmed by the Court of Appeals. 43 App. D. C. 120.

The facts are agreed. The plaintiff is a Virginia corporation authorized by its charter, with copious verbiage, to build, buy, sell, let and operate automobiles, taxicabs, and other vehicles, and to carry passengers and goods by such vehicles; but not to exercise any of the powers of a public service corporation. It does business in the Dis-

trict, and the important thing is what it does, not what its charter says. The first item, amounting to about thirty-five hundredths of the whole, is done under a lease for years from the Washington Terminal Company, the owner of the Union Railroad Station in Washington, which we have mentioned as excluded from the definition of common carriers. By this lease the plaintiff has the exclusive right to solicit livery and taxicab business from all persons passing to or from trains in the Union Station, and agrees in its turn to provide a service sufficient in the judgment of the Terminal Company to accommodate persons using the Station, and is to pay over a certain percentage of the gross receipts. It may be assumed that a person taking a taxicab at the station would control the whole vehicle both as to contents, direction, and time of use, although not, so far as indicated, in such a sense as to make the driver of the machine his servant, according to familiar distinctions. The last facts however appear to be immaterial and in no degree to cast doubt upon the plaintiff's taxicabs when employed as above stated being a public utility by ancient usage and understanding, *Munn* v. *Illinois*, 94 U. S. 113, 125, as well as common carriers by the manifest meaning of the act. The plaintiff is 'an agency for public use for the conveyance of persons' &c.; and none the less that it only conveys one group of customers in one vehicle. The exception of the Terminal Company from the definition of common carriers does not matter. The plaintiff is not its servant and does not do business in its name or on its behalf. It simply hires special privileges and a part of the Station for business of its own.

The next item of the plaintiff's business, constituting about a quarter, is under contracts with hotels by which it agrees to furnish enough taxicabs and automobiles within certain hours reasonably to meet the needs of the hotel, receiving the exclusive right to solicit in and about

the hotel; but limiting its service to guests of the hotel. We do not perceive that this limitation removes the public character of the service, or takes it out of the definition in the act. No carrier serves all the public. His customers are limited by place, requirements, ability to pay and other facts. But the public generally is free to go to hotels if it can afford to, as it is free to travel by rail, and through the hotel door to call on the plaintiff for a taxicab. We should hesitate to believe that either its contract or its public duty allowed it arbitrarily to refuse to carry a guest upon demand. We certainly may assume that in its own interest it does not attempt to do so. The service affects so considerable a fraction of the public that it is public in the same sense in which any other may be called so. *German Alliance Ins. Co.* v. *Kansas*, 233 U. S. 389. The public does not mean everybody all the time. See *Peck* v. *Tribune Co.*, 214 U. S. 185, 190.

The rest of the plaintiff's business, amounting to four-tenths, consists mainly in furnishing automobiles from its central garage on orders, generally by telephone. It asserts the right to refuse the service and no doubt would do so if the pay was uncertain, but it advertises extensively and, we must assume, generally accepts any seemingly solvent customer. Still, the bargains are individual, and however much they may tend towards uniformity in price probably have not quite the mechanical fixity of charges that attends the use of taxicabs from the Station and hotels. There is no contract with a third person to serve the public generally. The question whether as to this part of its business it is an agency for public use within the meaning of the statute is more difficult. Whether it is or not, the jurisdiction of the Commission is established by what we have said, and it would not be necessary to decide the question if the bill, in addition to an injunction against taking jurisdiction, did not pray that Order No. 44 of the Commission be declared void. That order,

after declaring that the plaintiff was engaged in the business of a common carrier within the meaning of the act and so was within the jurisdiction of the Commission, required the plaintiff to furnish the information called for in a circular letter of April 12, 1913. What this information was does not appear with technical precision, but we assume that it was in substance similar to a later requirement of a schedule showing all rates and charges in force for any service performed by the plaintiff within the District or any service in connection therewith. If we are right this demand was too broad unless the business from the garage also was within the act. There is no such connection between the charges for this last and the others as as there was between the facts required and the business controlled in *Int. Comm. Comm.* v. *Goodrich Transit Co.,* 224 U. S. 194, 211.—Although I have not been able to free my mind from doubt the Court is of opinion that this part of the business is not to be regarded as a public utility. It is true that all business, and for the matter of that, every life in all its details, has a public aspect, some bearing upon the welfare of the community in which it is passed. But however it may have been in earlier days as to the common callings, it is assumed in our time that an invitation to the public to buy does not necessarily entail an obligation to sell. It is assumed that an ordinary shop keeper may refuse his wares arbitrarily to a customer whom he dislikes, and although that consideration is not conclusive, *German Alliance Ins. Co.* v. *Kansas,* 233 U. S. 389, 407, it is assumed that such a calling is not public as the word is used. In the absence of clear language to the contrary it would be assumed that an ordinary livery stable stood on the same footing as a common shop, and there seems to be no difference between the plaintiff's service from its garage and that of a livery stable. It follows that the plaintiff is not bound to give information as to its garage rates.

Complaint is made that jurisdiction has not been assumed over some other concerns that stand on the same footing as the plaintiff. But there can be no pretence that the act is a disguised attempt to create preferences or that the principle of *Yick Wo* v. *Hopkins,* 118 U. S. 356, applies. The ground alleged by the Commission is that it did not consider that the omitted concerns did business sufficiently large in volume to come within the meaning of the act. There is nothing to impeach the good faith of the Commission or to give the plaintiff just cause for complaint. The decree so far as it asserts the jurisdiction of the Commission is affirmed, but it must be modified so as to restrain an inquiry into the rates charged by the plaintiff at its garage, or the exercise of jurisdiction over the same.

*Decree modified as above set forth.*