## Oppenheimer *v.* Maryland Casualty Company, Appellant.

*Insurance—Accident insurance—Common carriers—Automobile —Appeals—Reversal of judgment—New venire.*

A clause in an accident insurance policy which gives double indemnity if the insured sustains an injury "while a passenger in or on a public conveyance provided by a common carrier for passenger service," does not apply to a case where the insured is injured while riding in an automobile which with the chauffeur he had hired from a private individual, who operated his cars along no route, with no schedule or tariff of rates, with no certificate of public convenience from the Public Service Commission, and whose rate of hire was wholly the subject-matter of contract between him and his prospective patrons.

In an action upon such a policy where the court directs a verdict for plaintiff for double indemnity, and the record is such that the appellate court, in reversing cannot enter judgment for a fixed and definite sum, the judgment will be reversed with a writ of venire facias de novo.

Argued March 5, 1918.  Appeal, No. 2, March T., 1918, by defendant, from judgment of C. P. Luzerne Co., March T., 1914, No. 261, on verdict for plaintiff in case of Samuel Oppenheimer v. Maryland Casualty Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Assumpsit upon a policy of accident insurance.  Before O'BOYLE, J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $1,024.59.  Defendant appealed.

*Errors assigned,* among others, were in refusing defendant's motion for judgment n. o. v.

*Charles B. Lenahan,* for appellant.—Those who rent horses, carriages and drivers for passenger

carrying, such as livery stables do, are not common carriers. The keepers of a garage renting out taxicabs with chauffeur are like livery stable keepers: Terminal Taxicab v. Kutz, 241 U. S. 252; McGregor v. Gill, 86 S. W. 318; Stanley v. Steele, 77 Con. 688.

*Evan C. Jones,* with him *David Oppenheimer,* for appellee.—Even if Lee did attempt to discriminate, accepting some passengers and rejecting others, after holding himself out as ready and willing to carry all who applied for transportation, a fact which appellant does not dispute, he would still be a common carrier under the law of Pennsylvania: Lloyd v. Haugh, 223 Pa. 148; Donnelly v. Philadelphia & Reading Ry. Co., 53 Pa. Superior Ct. 78; Com. v. Shepherd, 62 Pa. Superior Ct. 102.

OPINION BY HEAD, J., October 12, 1918:

The controlling question in this case turns upon the construction of a single clause in the indemnity policy issued by the defendant to the plaintiff. The policy was of the character commonly known as an accident policy. It clearly provided for an indemnity of so much per week during the period the insured might be partially or totally disabled as the result of an accident. It contained this further proviso: "If the assured shall sustain such injury while a passenger in or on a public conveyance provided by a common carrier for passenger service, including the platform, steps or running board of railway cars, the amount of indemnity shall be doubled."

One Lee owned and operated a garage in the City of Wilkes-Barre. He also owned several automobile cars of various types which he was accustomed to hire to the public for such times and rates as he would determine or the parties could agree on. On the evening in question, a warm night in July, four men concluded to hire an automobile to take them to the City of Scranton and return them. They made an agreement with the proprietor, through his agent, by which the latter undertook to

transport the party to Scranton and return them later in the same evening for a bulk price. On the return trip, while crossing a railroad, the automobile was struck by an engine of the railroad company and the plaintiff sustained some considerable injury.

The defendant company, in no way contesting its liability to pay him the single indemnity primarily required by the contract, denied his right to have a double indemnity on the ground that he was not, at the time, a passenger in any public conveyance provided by a common carrier for passenger service. The learned court below, being of opinion that the double indemnity clause was operative, directed a verdict for the double amount in favor of the plaintiff and the defendant appeals.

The owner of the car was a private individual. His cars were his to do with as he chose. His cars operated along no route, had no point of starting or destination except the will of the patron who hired them. He had no schedule of tariffs or rates for their use. He could charge more on a wet day than on a dry one and as much more as his bailee was willing to pay. He could exact more compensation for driving into a country where the roads were bad than elsewhere. In a word, the rate he was to receive was the subject-matter of contract between him and his prospective patron. So far as this record shows he had never applied for nor received any certificate of public convenience from the Public Service Commission and was in no way amenable to the orders or decrees of that body. We think it would be an unwarrantable extension of the meaning of the term "common carrier" to hold that the relations between the owner of the car and the parties who hired it, under the contract referred to, were those of passenger and common carrier instead of the ordinary relation of bailor and bailee. Neither in form nor in substance can we see that such contract differed in any material way from a similar one made with a livery stable keeper for the use of a carriage and team of horses.

We are of opinion therefore the learned trial court fell into error in directing a verdict for the plaintiff for the double indemnity provided for in the clause of the policy we have quoted, and the assignments of error to that extent must be sustained. Had a verdict been rendered in the alternative, we would have been able to have directed a judgment for the proper amount, but as the record stands there is nothing upon which we can enter judgment for a fixed and definite sum. We must therefore reverse the judgment with a writ of venire. The parties will doubtless be able to agree on the proper amount for which the plaintiff should have judgment under the single indemnity clause which we hold was the operative one in the trial of this case.

Judgment reversed and a venire facias de novo awarded.