# Ramsey and Johnson, Appellants, *v.* Public Service Commission.

*Public Service Company Law—Common carriers—Autobusses —Operation as common carrier—Insufficient evidence.*

An order of the Public Service Commission, addressed to certain individuals, holding them to be common carriers, and commanding them to cease and desist from carrying or engaging in the public service of operating motor vehicles, as common carriers, until they shall obtain from the commission certificates of public convenience in approval thereof, will be reversed where there is not sufficient evidence to sustain the finding, that the appellants were common carriers or to establish the jurisdiction of the Public Service Commission.

Argued April 24, 1919.   Appeals, Nos. 125 and 127, April T., 1919, from order of the Public Service Commission of the Commonwealth of Pennsylvania in the case of Allen Ramsey and H. A. Johnson v. The Public Service Commission.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Reversed.

Complaint of Masontown Taxi Company before the Public Service Commission that the appellants were operating autobusses as common carriers without certificates of public convenience and in violation of Section 2 of Article III of the Public Service Company Law.

The commission made an order directing each of the appellants to forthwith cease and desist from carrying on or engaging in the public service set forth in the complaint, to wit, operating a motor vehicle, as a common carrier, until he should have obtained from the commission a certificate of public convenience in approval thereof, in accordance with the provisions of the Public Service Company Law.   Respondents appealed.

*Error assigned* was the order of the commission.

*George Patterson,* for appellants.

*John Fox Weiss,* Assistant Counsel, and with him *Berne H. Evans,* Counsel, for the Public Service Commission.

OPINION BY PORTER, J., October 13, 1919:

In the proceedings from which we have these appeals the Public Service Commission issued an order commanding the respondents, respectively, to cease and desist from carrying on or engaging in the public service set forth in the complaints, to wit: "operating as a common carrier a motor vehicle, until he shall have obtained from the commission a certificate of public convenience in approval thereof." The respondents appeal. The appeals were argued together and present but a single question: Was the finding of the commission that the appellants, respectively, were, as common carriers, operating motor vehicles?

We have carefully considered the testimony, which was very meagre, and find ourselves unable to avoid the conclusion that the finding of the commission was without any competent evidence to support it. In the case of Ramsey there was evidence that people had some time paid for being carried in his automobile but there was no evidence that he had ever solicited the patronage of any person, nor that he had held himself out as ready to transport those who applied. His car was not permitted to stand upon the street, nor was the patronage of the public invited. There is nothing to distinguish his case, upon recognized principles, from that of the keeper of a garage or livery stable, who hires out vehicles upon individual bargains. He was not a common carrier: Oppenheimer v. Maryland Casualty Co., 70 Pa. Superior Ct. 382; Terminal Cab Co. v. District of Columbia, 241 U. S. 252. With regard to the case of Johnson, there was no evidence which would have warranted a finding that he had ever held himself out to the public as a common carrier or solicited the business of any passenger or ever carried any passenger for hire. There was evidence tend-

ing to establish that some other person, not named, while in possession of a motor car which was owned by Johnson had solicited the business of passengers and had collected money for their transportation. There was not, however, a scintilla of evidence which would have warranted a finding that the person who had done these things, while in possession of Johnson's car, was the servant of Johnson or was acting under the authority of the latter. There being no competent evidence to sustain the finding that these appellants, respectively, were common carriers, the Public Service Commission was without jurisdiction to make the orders in question.

The orders of the Public Service Commission, involved in these appeals, are reversed, and it is ordered that the complainants, respectively, pay the costs.