## Halperin, Appellant, *v.* Public Service Commission.

*Public Service Commission — Public Service Company Law — Taxicabs—Necessity—Jewish religion—Constitution of the State of Pennsylvania, article I, section 3—Constitutional law.*

In an application for a certificate of public convenience to operate motor vehicles as a common carrier on call and demand, the fact that the appellant is a Jew and that the Jewish religion requires the exclusive use of a hearse is no reason for granting a certificate to operate as a common carrier.

To refuse such an application is not contrary to the provisions of Article I, section 3 of the Constitution of Pennsylvania guaranteeing religious freedom.

The question before the Public Service Commission in such an application is whether or not the service sought to be rendered is necessary for the accommodation, safety and convenience of the public, and, where the evidence submitted before the commission supports its conclusion, its order will be affirmed.

Argued April 16, 1923. Appeal, No. 45, April T., 1923, by applicant, from order of the Public Service Commission of the Commonwealth of Pennsylvania, In re Application of Harold Halperin, trading and doing business as Halperin's Taxi, for right to operate motor vehicles as a common carrier for the transportation of persons on call and demand in the City of Erie and County of Erie. Application Docket, No. A-4516-1921. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

592    HALPERIN, Appellant, *v.* PUB. SER. COM.

Statement of Facts—Opinion of the Court. [81 Pa. Superior Ct.

Application to the Public Service Commission for certificate of public convenience to operate motor vehicles for the transportation of persons on call and demand in the City of Erie.

The facts are stated in the opinion of the Superior Court.

The Public Service Commission refused to grant the certificate of public convenience. Applicant appealed.

*Error assigned* was the order of the commission.

*J. Reed Craig, C. Arthur Blass* and *Wilbur R. Seabrook*, for appellant.

*Frank M. Hunter*, Counsel, and with him *John Fox Weiss*, Assistant Counsel, for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

This is an appeal from an order of the Public Service Commission refusing a certificate of public convenience for "the transportation of persons (as a common carrier) by means of motor vehicles on call and demand" in the City of Erie and also in the County of Erie, Pennsylvania. Appellant is an Orthodox Jew. He testified that there are no other Jewish people in Erie operating taxicabs and that the Hebrew religion requires all people of that religion to patronize a member of their own religion "in funerals and other matters." The president of the B'rith Scholen congregation testified: "the religion of the Jewish people is this way: that we cannot use a different hearse except our own." It is urged upon us that the refusal of the certificate of public convenience amounts to the denial to persons of the Orthodox Jewish faith of the freedom of religious worship guaranteed by article I, section 3, of the Constitution of Pennsylvania and the first amendment of the Federal Constitution.

It is a complete answer to appellant's argument that the evidence in the record fails to show that there is any

rule or regulation of the Jewish faith providing that in conducting funerals the deceased or the mourners shall be conveyed in a vehicle operated as a common carrier. Appellant needs no certificate of public convenience from the Public Service Commission to permit him by individual bargains to furnish a hearse for conveying the corpse of a deceased Orthodox Jew, or vehicles for the mourners. His business so conducted is not to be regarded as a public utility: Terminal Taxicab Co. v. District of Columbia, 241 U. S. 252. Assuming it to be established that the tenets of the Orthodox Jewish religion require its members to patronize a member of their faith "in funerals and other matters," the logic of the appellant's position is that he is the only person to be patronized as such a member of the Orthodox Jews and, if he cannot act,—and in the business character in which he chooses to operate, that is as a common carrier of passengers,—the Jewish population of Erie are deprived of the freedom of religious worship. The statement of such a proposition is its best refutation. We agree with the able counsel for the commission that one could with equal propriety contend that under the Undertakers' Licensure Act (1905, April 24, P. L. 299) the refusal of a license to a Jewish applicant operates in derogation of the constitutional provision. Appellant desires to engage in a business venture, not a religious exercise. Religious liberty cannot be stretched so as to interfere with regulations enacted under the police power for the good order and general welfare of the people. The order of the Public Service Commission in no way interferes with the freedom of religious worship of the Orthodox Jews of Erie or even with their conduct of religious rites and ceremonies in relation to death and burial in accordance with the rules and regulations of their faith.

While this is the only question comprehended by appellant's statement of the question involved, we are satisfied from our examination of the record that the evidence before the commission fully warrants its conclu-

sion that the appellant failed to establish that the service proposed to be furnished by him is necessary and proper for the service, accommodation, convenience and safety of the public in the locality for which the privilege was asked.    This was the only question before the commission.    We find no merit in the assignments of error.

The appeal is dismissed.