**SANGER v. LUKENS, Secretary of State of Idaho, etc.**

Circuit Court of Appeals, Ninth Circuit.
June 11, 1928.

No. 5384.

**1. Courts ⬬366(1)—Federal court is bound by state court construction of state statute.**

Federal court, in matter involving state statute, is bound by construction of state appellate court.

**2. Statutes ⬬225¾—Legislature, in carrying forward act construed by court, will be assumed to have intended same limited scope.**

Where Legislature, after construction of statute by appellate court, carried forward into subsequent act the substantial provisions of the original act, it must be assumed that Legislature intended the same limited scope for amendatory act as construed by court.

**3. Injunction ⬬118(2)—Complaint to enjoin enforcement of state law held not to establish that plaintiff was common carrier, within law requiring certain fees and insurance from auto transportation companies (Laws Idaho 1925, c. 197, as amended by Laws 1927, c. 237).**

Complaint in suit to enjoin enforcement of Laws Idaho 1925, c. 197, as amended by Laws 1927, c. 237, requiring certain fees and insurance by auto transportation companies, and which alleged that plaintiff was engaged in business of general storage and repair of automobiles and auto trucks, *held* not to necessarily establish that plaintiff was a common carrier, within such act, as limited by state court construing law.

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Charles C. Cavanah, Judge.

Suit by J. C. Sanger, trading and doing business under the name and style of "Sanger Service" against Fred E. Lukens, Secretary of State and Commissioner of Law Enforcement for the State of Idaho. Judgment of dismissal (24 F.[2d] 226), and plaintiff appeals. Reversed, with directions.

Turner K. Hackman, of Twin Falls, Idaho, for appellant.

Frank L. Stephan, Atty. Gen., and H. O. McDougall, Asst. Atty. Gen., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The appellant, plaintiff below, is the owner of six auto trucks, which he hires for the hauling of commodities for others. The state of Idaho, through the defendant, its commissioner of law enforcement, demanded that he pay certain fees prescribed by the statutes, and otherwise comply with the requirements thereof, and he brought this suit to enjoin enforcement. Upon motion of defendant, the court below dismissed the complaint.

The statutory provisions are found in an act of the Idaho Legislature entitled "An act to regulate auto transportation companies," originally passed in 1925, and amended in 1927. Sess. Laws Idaho 1925, c. 197, and Sess. Laws Idaho 1927, c. 237. Therein and for the purpose thereof "auto transportation company" is defined as meaning every person, association, corporation, or copartnership "owning, controlling, operating or managing any motor propelled vehicle for the transportation of persons and/or property for compensation over any public highway in this state," exclusive of vehicles used in the transportation of children to and from school, railroad cars and engines moving on tracks, companies operating for the sole purpose of carrying mail and other property of the United States, and companies operating wholly within the limits of incorporated cities. By section 2 every transportation company is required to file with the commissioner of law enforcement a verified statement, containing certain information, the details of which are immaterial here. In section 3 are requirements for indemnity or liability bonds, graduated in respect of passenger vehicles to their carrying capacity, to cover loss or damage "legally imposed" upon the company, and in respect of property carriers "in an amount not to exceed $1,000 for * * * damage to property of any person other than the assured, while said property is being transported," etc.

Upon compliance with the requirements of the law the department of law enforcement issues to the company a permit to engage in the transportation of passengers or of property, as the case may be, and furnishes a set of license plates to be carried by each vehicle, bearing the permit number and the words "Idaho Insured Carrier." A fee of $10 is required for the permit and $2 for the license plates. For each property carrier, fees are required quarterly, as follows: Upon a vehicle having a rated capacity of not exceeding 1½ tons, $25; more than 1½ tons and less than 3 tons, $50; and over 3 tons, $75. All fees so collected are to be covered into the state highway fund, and by the act are appropriated to the administration of the act and for the maintenance of state highways. Penalties measurably severe are prescribed for failure to comply with the requirements of the act.

In Smallwood v. Jeter, the Supreme Court of Idaho comprehensively considered

the original act of 1925, and in an elaborate decision, defining its scope, held it to be valid. Decision February 12, 1926, 42 Idaho, 169, 244 P. 149. As will be noted, however, to put it beyond the reach of the numerous assaults there made, it was thought necessary to restrict the application of the act to common carriers. Said the court: "The act therefore must be construed as not applicable to private carriers, but as regulating those who are in their nature common carriers, those who hold themselves out to the public as ready and willing to carry passengers who present themselves, or freight presented."

[1, 2] Under familiar principles we are bound by this construction of the act of 1925, and admittedly the amendatory act of 1927 contains no language enlarging its scope. And in carrying forward into the act of 1927 the substantial provisions of the original act, because of which the court felt constrained so to limit its application, it must be assumed the Legislature intended the same limited scope for the amendatory act.

[3] At the outset, therefore, we have the question whether, upon the case made by the complaint, plaintiff is to be deemed a common carrier. The only pertinent averments are:

"That said business is that of conducting general storage and repair of automobiles and auto trucks; the hiring of auto trucks, with drivers or chauffeurs, for the purpose of hauling commodities for others, solely upon such terms and prices, within and without the state of Idaho, as each individual contract of hiring may require and be agreed upon by plaintiff and such other person, company, or corporation, which hiring plaintiff alleges he has the right to refuse to do, if unable to obtain terms and prices satisfactory to himself."

It is to be regretted that the parties have attempted to present the important questions discussed in the briefs upon so meager and unsatisfactory a description of the nature and extent of plaintiff's business; but, fairly construed, the language would seem to mean, not that he is engaged generally in the hauling of commodities at a stipulated rate per piece or pound, as is ordinarily true of common carriers, but only that he hires out his trucks for use by the owner of the property to be transported. The mere fact that he provides a driver is not controlling, for the driver may at the same time be his agent in respect of the care and mechanical operation of the truck and the agent of the owner of the commodity for all other purposes. We do not understand it to be contended that, if this is the character and extent of his business, plaintiff is a common carrier.

But if by a strain we hold with defendant, and construe the complaint as meaning that plaintiff does not hire his trucks, but by means of them transports property for compensation, it does not necessarily follow that he is a common carrier. In McCoy v. Pacific Spruce Corporation, 1 F.(2d) 853, this court said: "A common carrier is generally defined as one who, by virtue of his calling and as a regular business, undertakes to transport persons or commodities from place to place, offering his services to such as may choose to employ him and pay his charges." But necessarily the terms in such a definition are general, and not always easy of application.

The line of demarcation between public and private carriers is often shadowy and uncertain. A striking example is to be found in Terminal Taxicab Co. v. Kutz, 241 U. S. 252, 36 S. Ct. 583, 60 L. Ed. 984, where certain business of the plaintiff was declared to be public and subject to regulation, and other business, not radically different, was held to be that of a private character. The taxicab company's business consisted of carrying persons in and about the city of Washington. Part of it arose out of a contract with a railroad terminal company, giving the taxicab company the exclusive right to solicit the custom of persons using the railroad station, and another out of similar contracts with certain hotels, all held to be public. The business deemed to be private is thus described in the opinion:

It "consists mainly in furnishing automobiles from its [plaintiff's] central garage on orders, generally by telephone. It asserts the right to refuse the service, and no doubt would do so, if the pay was uncertain; but it advertises extensively, and, we must assume, generally accepts any seemingly solvent customer. Still the bargains are individual, and, however much they may tend towards uniformity in price, probably have not the mechanical fixity of charges that attends the use of taxicabs from the station and hotels. There is no contract with a third person to serve the public generally."

In the light of this distinction, we cannot say that under any reasonable construction of the pleading it necessarily appears that plaintiff is a common carrier. Determination of that issue must await a showing of the particular facts. Inasmuch as upon

the facts plaintiff may ultimately be found not to be a common carrier, and hence out of the range of the statute, we need not presently consider whether in any feature assailed it is invalid.

Judgment reversed, with directions for further proceedings not inconsistent herewith.