[L. A. No. 14079. In Bank.—March 30, 1934.]

C. W. LANDIS et al., Petitioners, v. RAILROAD COMMISSION OF THE STATE OF CALIFORNIA, Respondent.

Dixon & Howell, J. J. Laton, C. P. Von Herzen and Thos. J. Dixon for Petitioners.

Arthur T. George, Ira H. Rowell and Roderick B. Cassidy for Respondent.

THE COURT.—This is a proceeding to review an order of the railroad commission requiring the petitioners to cease their operations as carriers of freight by motor truck between Los Angeles and the San Francisco bay region and intermediate points unless and until they have received a certificate of public convenience and necessity as provided in the Auto Stage and Truck Transportation Act of 1917. (Stats. 1917, p. 330, as amended Stats. 1929, p. 1894.)

In July, 1932, complaints were filed with the commission charging the petitioners and others with owning and operating automotive trucks for the transportation of property as common carriers over the highways of the state between fixed termini or over regular routes, to wit: Between Los Angeles and the San Francisco bay region and intermediate points. Answers were filed by the several carriers and after extended hearings the commission made the findings and order complained of. A petition for a rehearing was denied.

The present petition was filed on behalf of three of the fourteen carriers affected by the order. After the petition herein was filed, the petitioner, Merle C. Turner, doing business as the Turner Van & Storage Company, sold his business and left the state. From this showing by the petitioners in their closing brief the petition, so far as Turner is concerned, will be deemed abandoned and the present proceeding will be considered as affecting the other two, who will be referred to as the petitioners.

The commission found the petitioners, as to the routes and termini set opposite their respective names, each to be a "transportation company", as defined in section 1, subsection (c) of the Auto Stage and Truck Transportation Act, transporting for hire over the public highways new and second-hand household goods, office furniture and personal effects without having a certificate of public convenience and necessity for such services. The routes and termini specified in the order are the same for each of the petitioners, and, as set opposite their names, are Los Angeles and San Francisco Bay points of San Francisco, Oakland, Berkeley, Alameda, Emeryville, Piedmont, Albany and intermediate points. No other business of the petitioners is affected by the order of the commission.

■ The finding of the commission that the petitioners are "transportation companies" as defined by the statute is a finding of ultimate fact. It imports a finding that each is a common carrier of property over the highways of the state and that each operates between fixed termini or over a regular route. This finding is attacked as having no substantial evidence to support it.

■ The petitioner Landis claims to be a private or "radial on call carrier", operating under contract in each case. The evidence in support of the finding of the commission shows that he maintains a regular place of business in Los Angeles in conjunction with the De Luxe Transfer & Storage Company, which does no long distance hauling; that in San Francisco he has a business arrangement with the Owl Transfer Company which does no long distance hauling, but takes orders for that class of business and refers the same to this petitioner; that this petitioner advertises and otherwise holds himself out to go anywhere if the price is agreeable; that about twenty-five per cent of his business is interstate; about twenty-five per cent is local to Los Angeles; about twenty-five per cent is intrastate outside of the Los Angeles-San Francisco route, and about twenty-five per cent is between Los Angeles and the San Francisco Bay region and intermediate points. The order of the commission relates only to the business representing the twenty-five per cent last above noted.

As to the petitioner Landis we think the evidence brings him within the definition of a common carrier, as defined by

the code (Civ. Code, sec. 2168), and generally by the courts in this and other jurisdictions. (See *People* v. *Duntley*, 217 Cal. 150 [17 Pac. (2d) 715]; *Terminal Taxicab* v. *Kutz*, 241 U. S. 252 [36 Sup. Ct. 583, 60 L. Ed. 984]; *Sanger* v. *Lukens*, 24 Fed. (2d) 226.) The last case cited contains the following satisfactory definition of a common carrier applicable generally, ·to wit: "One who, by virtue of his calling and as a regular business, undertakes to transport persons or commodities from place to place, offering his services to such as may choose to employ him and pay his charges." This definition is particularly applicable to the petitioner Landis under the evidence. Within the limits of his equipment he holds himself out to haul what he offers to carry to those who may choose to employ him and pay charges satisfactory to him. His offer to the public was such that he could not with reason be classed as a private or contract carrier. True, his customers were limited to the particular class of those who desired the transportation of furniture and like personal effects. But those were the commodities which he offered to carry and his "public" were they who desired the transportation of those commodities. As applied to certain types of common carriers, "the public does not mean everybody all the time". (*Terminal Taxicab Co.* v. *Kutz, supra.*)

The commission was faced with another problem in determining whether the petitioner Landis was operating between fixed termini or over a regular route. As to his local business, his interstate business, and his long distance hauling within the state from Los Angeles to points other than in the San Francisco bay region, the commission apparently concluded that it could not reasonably be found that he was operating either between fixed termini or over a regular route. As to the remaining substantial part of his business, the commission found and the evidence pointed reasonably to the conclusion that because of his business connections in Los Angeles and at San Francisco Bay points, and his methods of conducting business between those points, those places might be considered the termini between which he was conducting that portion of his business or that, as to such business, he traveled over a regular route. From either standpoint we are not prepared to say that the finding of the commission is without support in the evidence.

The fact that this petitioner may have more than one-half of his business not subject to regulation by the commission under present law, obviously could not render the portion of his business which is subject to such regulation immune from the control of the commission's proper regulating supervision.

■ The petitioner Safeway Van and Storage Company is a corporation which has its place of business in Los Angeles. It conducts a "radial on call" trucking business, also transporting furniture and personal effects for whomsoever may employ it at the price agreed upon. It has no similar business or business connection in the San Francisco bay region and does not advertise to haul goods between the two points involved. Between February 1 and August 15, 1932, it hauled six loads from Los Angeles to San Francisco. On occasion it left some of the goods transported at the Busk Van and Storage Company of Oakland, with which firm J. J. Busk, the president of this petitioner, was formerly connected, and on some of the trips it received goods for the return trip from the Checker Van and Storage Company of San Francisco, with which other members of the Busk family were connected. The foregoing is all of the evidence cited to us as constituting facts sufficient to vest the commission with jurisdiction to subject this petitioner to the regulatory order. We are unable to conclude that this evidence was sufficient as matter of law to support the finding and order of the commission. ■ Assuming that the evidence was ample to support a finding that this petitioner was a common carrier, it is deficient as a showing of the jurisdictional facts, either that it was operating between fixed termini or over a regular route. There was no substantial showing that it operated between fixed termini, and in connection with its other business its occasional trips to San Francisco with its two trucks were insufficient upon which to base a finding that the prescribed route was the route over which it "usually or ordinarily operated" its trucking business. Under these circumstances it must be held that there is no substantial evidence to support the finding. In the absence of sufficient jurisdictional facts the order as to this petitioner must be annulled. (See *Pacific Tel. & Tel. Co.* v. *Eshleman,* 166 Cal. 640 [137 Pac.

1119, Ann. Cas. 1915C, 822, 50 L. R. A. 652]; *Traber* v. *Railroad Com.*, 183 Cal. 304 [191 Pac. 366].)

Complaint is made of alleged ambiguity in the decree wherein the commission states: "That these individual defendants, with but few exceptions, are, in fact, common carriers is clear." This statement was contained in the opinion preceding the findings and order and related to a consideration of the status of all of the defendants. The finding as to each defendant is not subject to the same criticism, for the finding as to each of the petitioners is definite and specific.

The order as to the Safeway Van and Storage Company, a corporation, is annulled. The order as to C. W. Landis, doing business as the Highway Transportation Company, is affirmed.