[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 20, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-11185
Non-Argument Calendar

_____

D. C. Docket No. 00-07426-CV-AJ

BRANDON VALDIVIESO,
DAVID KICKZALES,
on behalf of themselves and all others similarly situated,

Plaintiffs-Appellants,

versus

ATLAS AIR, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 20, 2002)**

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiffs-appellants Brandon Valdivieso and David Lickzales ("Appellants"), former employees of defendant-appellant Atlas Air, Inc. ("Atlas Air"), brought an action on behalf of themselves and all other similarly situated loadmasters employed by Atlas Air alleging they were denied the premium overtime compensation required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.[1]  The magistrate judge granted Atlas Air's motion for summary judgment on the ground that the air carrier exemption to the FLSA, 29 U.S.C. § 217(b)(3), does not require Atlas Air to pay Appellants overtime compensation.[2]  Appellants appeal.

## I. STANDARD OF REVIEW

"Because the question is purely one of law, this court reviews de novo the district court's denial of a motion to remand."  Lockard v. Equifax, Inc., 163 F.3d 1259, 1269 (11th Cir. 1998).  "We review a summary judgment ruling de novo, applying the same legal standards used by the district court."  Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1242 (11th Cir. 2001).  In reviewing a motion for summary judgment, this court views the materials presented and all

---

[1] The Appellants initially filed suit in a Florida circuit court and Atlas Air removed the case to federal court.  The district court denied the Appellants' motion to remand to state court. See Valdivieso v. Atlas Air, Inc., 128 F. Supp. 2d 1371 (S.D. Fla. 2001).

[2] The parties consented to the jurisdiction of the magistrate judge for all proceedings in the case pursuant to 28 U.S.C. § 636(c).

factual inferences in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The non-moving party, however, "may not rest on mere allegations or denials of the adverse party's pleading" when a motion for summary judgment is made and supported by affidavits or the other methods provided in Rule 56; "specific facts showing there is a genuine issue for trial" must be supported "by affidavits or as otherwise provided in this rule" and provided by the non-moving party to avoid summary judgment. Fed. R. Civ. P. 56(e).

## II.  BACKGROUND

Atlas Air is a commercial air carrier that owns, operates, and maintains a fleet of freighter aircraft that it uses to transport cargo. Specializing in long-term outsourcing of its aircraft under "Aircraft, Crew, Maintenance, and Insurance" ("ACMI") contracts, Atlas Air provides ACMI for flights it operates on behalf of its customers. The customers bear all other operating expenses, including fuel, landing fees, and cargo and ground handling. Atlas Air provides its services primarily to other major international airlines and does so indiscriminately.[3]  Atlas

---

[3] Atlas Air first filed an affidavit from Edmond Archer, director of Atlas Air's Miami facility, in support of its motion for summary judgment. In its reply brief, Atlas Air submitted an affidavit from Bruce Gillette, Atlas Air's vice president of products and services. On appeal, the Appellants claim that the magistrate judge erred by relying on the Gillette affidavit, which they assert is inconsistent with the Archer affidavit. Because the affidavits are not inconsistent, we reject this argument.

Air solicits other entities that may need cargo transportation and accepts work from businesses that are not commercial airlines; there is no allegation that any member of the public that agrees to Atlas Air's terms and prices will not be served, subject to available resources. Customers contract with Atlas Air for dedicated aircraft(s); in the case of airlines, this allows them to expand their ability to meet cargo transportation responsibilities without investing in additional equipment and personnel.

The customers of Atlas Air are responsible for the ground transportation of

---

Atlas Air could have made this process less complex by presenting both affidavits with its initial motion for summary judgment instead of presenting the Gillette affidavit with its reply brief. The Appellants made a motion before the magistrate judge to strike the Gillette affidavit on the grounds that submitting it with a reply brief violated Local Rule 7.5 of the Southern District of Florida. The magistrate judge did not rule on this before issuing his order granting summary judgment and noted in his order that the facts were taken from the class action complaint and the Archer affidavit. However, in his conclusions of law, the magistrate judge relied on facts from the Gillette affidavit; for example, he states that Atlas Air "regularly accepts work from businesses that are not commercial airlines." The motion to strike the Gillette affidavit was denied by the magistrate judge's order closing the case. Appellants did not appeal this denial, and have not raised the alleged Local Rule 7.5 violation on appeal; therefore, we do not consider it.

In his affidavit, Archer states that "Atlas Air's customers are other major international airlines that focus principally on their passenger operations" and that "each Atlas flight is dedicated to transporting cargo for a single customer." The Gillette affidavit is clearly meant to be supplementary to the Archer affidavit. Gillette sought to clarify that "[m]ost of our work is performed for other commercial airlines because our services hold the greatest appeal for that segment of the public. However, we provide our services indiscriminately within that group, and we are available to transport cargo for entities that are not commercial airlines." He further stated that Atlas Air does not limit the customers for whom Atlas Air is willing to work, subject to the obvious constraints of available resources and the customer's agreement to Atlas Air's terms and prices. We note that in neither their motion to strike the Gillette affidavit nor their appellate brief do the Appellants contend, let alone provide support for the claim, that Atlas Air is not willing to provides its services to anyone willing to accept its business terms.

the cargo shipped by Atlas Air, and they provide the agents who load and unload the cargo. Atlas Air oversees the cargo loading process to ensure that all cargo is secured within the aircraft for safe flight. Loadmasters–trained professionals who specialize in air cargo transportation–ensure that each cargo load complies with the size and weight parameters for the aircraft, that the distribution of the load's weight meets balance requirements, that any hazardous materials are transported in compliance with regulations, and that the load is properly secure. The essential services provided are the same whether the loadmaster travels with the cargo or is stationed on the ground at a particular airport.

Plaintiff Brandon Valdivieso performed loadmaster services for Atlas Air from March 1999 until April 2000.[4] At times he was responsible for and traveled with individual flights; at other times he provided loadmaster services exclusively on the ground in Miami, Florida. Plaintiff David Kickzales provided loadmaster services to Atlas Air from August 1998 to May 2000, and he generally traveled with the loads for which he was responsible. Neither plaintiff performed any services for Atlas Air that were not directly related to its air transportation activities.

---

[4]For purposes of the motion for summary judgment alone, Atlas Air conceded that Appellants are "employees" of Atlas Air and reserved the right to challenge this classification at a later stage if necessary.

5

## III. DISCUSSION

Before us are two claims: that the district court erred by denying Appellants' motion to remand to state court, and that the magistrate judge erred by granting Atlas Air's motion for summary judgment as to the Appellant's FLSA overtime claim. Each will be considered in turn.

### A. Motion to Remand

The Appellants claim that the district court's denial of their motion to remand to state court was error. According to the Appellants, claims brought under the FLSA in state court may not be removed to federal court. Any civil action brought in state court, in which jurisdiction would be proper in federal court, may be removed "except as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441. At the time Appellants filed their brief, whether or not § 216 of the FLSA provides an express prohibition on removal was an open question. Since the time the brief was filed, however, a panel of this court held that §216 was not an express statutory prohibition against removal. See Breuer v. Jim's Concrete of Brevard, Inc., 292 F.3d 1308, 1309 (11th Cir. 2002). Therefore, the district court did not err by denying the motion to remand.

### B. Air Carrier Exemption to the FLSA

The FLSA generally requires employers to pay premium overtime

provisions to employees who work in excess of 40 hours per week. 29 U.S.C. §
207. There are specific exceptions, however, to the overtime requirements,
including an exemption for "any employee of a carrier by air subject to the
provisions of title II of the Railway Labor Act." Id. § 213(b)(3). Those subject to
the RLA include "every common carrier by air engaged in interstate or foreign
commerce . . ." 45 U.S.C. § 181.

The Supreme Court has ruled that "one who undertakes for hire to transport
from place to place the property of others who may choose to employ him is a
common carrier." Washington ex rel. Stimson Lumber Co. v. Kuykendall, 275
U.S. 207, 211 (1927). "[T]he dominant factor in fixing common carrier status at
common law is the presence of a 'holding out' to transport the property or person
of any member of the public who might choose to employ the proffered service."
Las Vegas Hacienda, Inc. v. Civil Aeronautics Board, 298 F.2d 430, 434 (9th Cir.
1962).

The plaintiffs argue that Atlas Air is merely an out-source lessor of aircraft
and flight crews to airlines; the airlines that Atlas Air services are common
carriers, but Atlas Air itself is not. Appellants' argument seems to assume that
because the public at large does not utilize the services of Atlas Air, the company
thereby loses common carrier status. This is an inaccurate view of the law. The

7

Supreme Court has stated that "[n]o carrier serves all the public. His customers are limited by place, requirements, ability to pay and other facts." Terminal Taxi Cab Co. v. Kutz, 241 U.S. 252, 254 (1916); see also Las Vegas Hacienda, 298 F.2d at 434 ("So long as the air carrier is competing commercially in the market for the patronage of the general public . . . it is immaterial that the service offered will be attractive only to a limited group[.]"). Status as a common carrier is contingent on the carrier holding itself out to the public and offering its services indiscriminately to those interested in its services. See Woolsey v. Nat'l Transp. Bd., 993 F.2d 516, 523 (5th Cir. 1993) (stating that "the crucial determination in assessing the status of a carrier is whether the carrier has held itself out to the public or a definable *segment* of the public as being willing to transport for hire, indiscriminately"(emphasis in original)). Because Atlas Air offers its services indiscriminately to anyone willing to accept its terms and prices, we hold that it is a common carrier. We also note that Atlas Air is licensed by the U.S. Department of Transportation as a common carrier; furthermore, other courts have considered Atlas Air a common carrier under the RLA. See Atlas Air, Inc. v. Air Line Pilots Ass'n, 232 F.3d 218 (D.C. Cir. 2000); Beckett v. Atlas Air, Inc., 968 F. Supp. 814 (E.D.N.Y. 1997).

The Appellants also claim that the air carrier exemption should not apply to

their positions with Atlas Air because such a reading of the statute would leave these positions with no maximum hour protection under federal law. Based on the legislative history, the Appellants claim that the congressional intent of the exemption was to prevent the Department of Labor and the Civil Aeronautics Board from having overlapping jurisdiction. Courts cannot, however, consider legislative history when the statutory language is unambiguous. See Conn. Nat. Bank v. Germain, 503 U.S. 249, 253-254 (1992) (Stating that the "cardinal canon" of statutory interpretation is that courts "must presume that a legislature says in a statute what it means and means in a statute what it says there. . . .When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"(citation omitted)). Here, the statutory language is certainly unambiguous. The RLA states that its provisions are extended to "every common carrier by air . . . and every pilot or other person who performs any work as an employee or subordinate official of such carrier . . . ." 45 U.S.C. §181. Appellants do not dispute that their positions as loadmasters are integral to the transportation of cargo; therefore, these positions are included in the air carrier exemption to the FLSA. See Northwest Airlines, Inc. v. Jackson, 185 F.2d 74, 75 (8th Cir. 1950).

## IV. CONCLUSION

We AFFIRM the district court's denial of Appellant's motion to remand and the decision of the magistrate judge to grant Atlas Air's motion for summary judgment on the Appellant's FLSA overtime claim.

AFFIRMED.