**Douglas T. EDWARDS, Plaintiff–Appellant,**

v.

**APPLE COMPUTER, INC., Harshaw Research, Inc., Isaac Wiley, Official & Individual Capacities, Defendants–Appellees.**

**No. 15–10244**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 9, 2016.

Douglas T. Edwards, Raiford, FL, pro se.

Christopher W. Prusaski, Frank A. Zacherl, III, Shutts & Bowen, LLP, Miami, FL, for Defendants–Appellees.

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Douglas Edwards, a prisoner proceeding *pro se*, appeals the district court's grant of defendant Apple Computer, Inc.'s ("Apple") motion to dismiss his complaint alleging misappropriation of trade secrets, under the Florida Uniform Trade Secrets Act ("FUTSA"), Fla. Stat. §§ 688.001–.007, and unjust enrichment.

## I.

On appeal, Edwards argues that the district court erred in holding that his complaint was barred by the statute of limitations because the prisoner mailbox rule did not apply to claims brought under FUTSA and unjust enrichment claims.

We review *de novo* the district court's dismissal of a complaint for failure to satisfy the statute of limitations, accepting as true the allegations in the complaint. *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir.2007). We review a district court's denial of a request for an evidentiary hearing for abuse of discretion. *Cason v. Seckinger*, 231 F.3d 777, 781 (11th Cir. 2000). An abuse of discretion occurs if the district court fails to apply the proper legal standard or to follow proper procedures in making the determination or bases its ruling upon findings of fact that are clearly erroneous. *Johnson v. Breeden*, 280 F.3d 1308, 1326 (11th Cir.2002).

A complaint is subject to dismissal when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir.2008). Thus, a motion to dismiss for failure to state a claim is an appropriate method for raising a statute of limitations defense. *Mann v. Adams Realty Co., Inc.*, 556 F.2d 288, 293 (5th Cir. 1977).

Under FUTSA, the statute of limitations for misappropriation of trade secrets is three years after the misappropriation was discovered or should have been discovered by the exercise of reasonable diligence. Fla. Stat. § 688.007. In Florida, the statute of limitations for unjust enrichment is four years. *See Merle Wood & Associates, Inc. v. Trinity Yachts, LLC*, 714 F.3d 1234, 1237 (11th Cir.2013).

Under the prisoner mailbox rule, a *pro se* prisoner's filing is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 275–76, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). We have extended this rule to cases filed under the 42 U.S.C. § 1983, the Federal Torts Claim Act, and *pro se* prisoners' filings of motions to vacate. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir.1999) (motions to vacate); *Garvey v. Vaughn*, 993 F.2d 776, 783 (11th Cir.1993) (Federal Tort Claims Act and § 1983 actions). In determining whether a prisoner delivered his filing to prison authorities, we "take into account any and all relevant circumstances, including any lack of diligence on the part of prisoner in following up in a manner that would be expected of a reasonable person in his circumstances." *Allen v. Culliver*, 471 F.3d 1196, 1198 (11th Cir.2006).

■ Even if the prisoner mailbox rule applied to Edwards's FUTSA and unjust enrichment claims, he provides no basis for his assertion that he mailed his original complaint before the statute of limitations ran. A reasonable person would take steps to ensure his claim was docketed before 33 months passed, and Edwards does not demonstrate that he took any such steps. Therefore, the complaint was filed after the three-year statute of limitations for the FUTSA claim and the four-year statute of limitations for the unjust enrichment claim. Accordingly, we affirm the district court's grant of Apple's motion to dismiss for failure to state a claim.

## II.

■ Edwards also argues that the district court abused its discretion when it denied his motion to amend his complaint a second time.

We review the denial of a motion for leave to amend a complaint for abuse of discretion. *Covenant Christian Minis-*

*tries, Inc. v. City of Marietta*, 654 F.3d 1231, 1239 (11th Cir.2011). A district court's decision will not be disturbed on abuse-of-discretion review if its decision falls within a range of permissible choices, and it is not influenced by a mistake of law. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir.2006).

Here, Edwards could only amend his complaint by leave of court or with Apple's written consent. *See* Fed.R.Civ.P. 15(a)(2). The decision whether to grant the motion is within the discretion of the district court, but should be granted unless there is a substantial reason to deny. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir.1981). We have held that the futility of an amendment is one such reason. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir.1996).

The district court did not abuse its discretion in determining that further amendment would have been futile because any amendment of his complaint to better specify the trade secrets would not have overcome the statute-of-limitations bar. Accordingly, we affirm the district court's denial of his motion to amend his complaint.

### III.

■ Edwards also argues that the district court erred in not granting his motion to remand to the state court without addressing his argument that Apple's removal was untimely.

We review the denial of a motion to remand *de novo*. *Valdivieso v. Atlas Air., Inc.*, 305 F.3d 1283, 1284 (11th Cir.2002). Under § 1441(a), a defendant may remove to federal district court any civil action brought in state court that could have originally been filed in federal court. 28 U.S.C. § 1441(a). The defendant has 30 days to file a notice of removal after it receives or is served with the initial plead-ing. 28 U.S.C. § 1446(b)(2)(B). A defendant's time to remove is triggered by service of the summons and complaint, or receipt of the complaint through service or otherwise, and not by receipt of the complaint "unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S.Ct. 1322, 1325, 143 L.Ed.2d 448 (1999).

Apple's notice of removal was timely because Edwards never formally served Apple with process, and Apple removed the case from the state court two days after waiving service of process. Thus, the district court did not err in not granting Edwards's motion to remand.

### IV.

■ Edwards also argues that the district court abused its discretion when it denied his motion to appoint counsel and erred when it denied his motion to appoint the United States Marshal service to serve process on out-of-state defendants.

We review the denial of a motion to appoint counsel in a civil case for abuse of discretion. *Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir.1999). A plaintiff in a civil case has no constitutional right to counsel. *Id.* at 1320. Therefore, the district court has broad discretion in making this decision and should appoint counsel only in exceptional circumstances. *Id.* The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir.1993). In *Bass*, we held that because the legal issues were straightforward, there were no exceptional circumstances justifying the appointment of counsel. 170 F.3d at 1320.

Rule 4 of the Federal Rules of Civil Procedure states, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or depu-

ty marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Fed.R.Civ.P. 4(c)(3).

The district court did not abuse its discretion in denying Edwards's pending motions. Edwards did not show exceptional circumstances justifying the appointment of counsel. In addition, the district court properly denied Edwards's motion to appoint the U.S. marshal as moot because his claim was barred by the statute of limitations, and even if process was served on additional defendants, it would not cure the statute-of-limitations defense.

Accordingly, we affirm the district court's grant of Apple's motion to dismiss and denial of Edwards's pending motions.

**AFFIRMED.**[1]

---

1. Edwards's Motion to Supplement Reply    Brief is DENIED.