## No. 11,286.

### Davis v. People ex rel. Public Utilities Commission.

Decided July 6, 1926.

Action to enjoin operation of a truck line without obtaining a certificate of convenience and necessity. Judgment for plaintiff.

*Affirmed.*

1.  Common Carriers—*Truck Line—Utilities Commission.* Evidence reviewed, and an auto truck line operating between designated points and carrying freight at regular rates based on weight and mileage, held to be a common carrier and subject to the jurisdiction of the utilities commission.

2.      *Test.* In determining whether a business is that of a common carrier, the important thing is what it does, not what its charter says.

3.  Words and Phrases—*"Public."* The public does not mean everybody all the time.

*Error to the District Court of Mesa County, Hon. Straud M. Logan, Judge.*

Mr. Millard Fairlamb, for plaintiff in error.

Mr. William L. Boatright, Attorney General, Mr. S. E. Naugle, Assistant, Messrs. Burgess & Adams, for defendant in error.

*En banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and we hereinafter refer to them as there.

This was an action in injunction to prohibit defendant from operating as a common carrier without procuring from the Public Utilities Commission a certificate of public convenience and necessity. To review an adverse judgment of the trial court he brings error.

The district court found that the business of Davis was that of a common carrier and the sufficiency of the record to support that finding is the only question for our consideration. All others, essential to a review of the case, have been disposed of in *Greeley Transportation Co. v. People,* 79 Colo. 307, 245 Pac. 720. That opinion should be read in connection with this.

Defendant was engaged in the transportation of freight of all kinds between Grand Junction and Paonia and intervening points. His purported employer was "The Delta County Merchants and Manufacturing Association." Its 121 members were the shippers of more than ninety per cent of the freight carried in that territory. It was originally made a defendant, but was later dismissed. This freighting was carried on by means of automobile trucks, the number depending upon the volume of the business. These, and all other equipment, were owned by defendant. He had formerly freighted for many of his present patrons and had applied to the commission for a certificate, which was refused. He solicited the memberships and organized the association. He and his associates represented that the organization was necessary to enable him to continue business. It held no meetings, save the one for organization. Its president had presided but fifteen minutes, had never appointed any committees, and did not know who were the members thereof, or who was the vice-president. The membership fee was $1.00, which few paid. Defendant had a contract with the association binding him to haul for those only who belonged to it, but accepted shipments from nonmembers to members, and vice versa, on the order and payment of either. He maintained a storage and transfer station at Delta, insured the goods trans-

ported, charged regular freight rates based on weight and mileage (charges being paid by individual shippers, not the association), accepted freight C. O. D., and carried indemnity insurance to protect his patrons. There is much additional evidence of a similar character which it is unnecessary to detail.

Contrary to popular opinion mere schemes to evade law, once their true character is established, are impotent for the purpose intended. Courts sweep them aside as so much rubbish.

In determining whether a business is that of a common carrier ''the important thing is what it does, not what its charter says.'' *Terminal Taxicab Co. v. Kutz, et al.,* 241 U. S. 252, 36 Sup. Ct. 583, 60 L. Ed. 984, Ann. Cas. 1916D, 765. A service may effect ''so considerable a fraction of the public that it is public in the same sense in which any other may be called so   *   *   *. The public does not mean everybody all the time.'' Id.

Had defendant made all, save one, of the shippers of freight in that territory, or all purchasers of postage at any postoffice therein, members of the association, and claimed that such limitation converted an otherwise public into a private carrier, the contention would be so absurd as to be instantly rejected. But the reasons for that rejection would be the identical reasons which demand rejection of defendant's contention in the instant case: (a) The proportion of the public served is so large as to be the public; (b) the limitation is a mere device to hoodwink the law.

Many authorities have been brought to our attention which we need not examine. No one of them holds either of these answers inconclusive when supported by facts, and enough has been recited to demonstrate that sufficient facts are disclosed by this record to support the findings of the trial court.

The judgment is accordingly affirmed.