By the Court.
 

 One Ruhlman and about 50 others, residents of a part of Boardman school district, lying in Mahoning county, filed an application with the Public Utilities Commission asking that the Ohio Bell Telephone Company be permitted to furnish telephone service to the applicants, and that the Beaver Telephone Company be notified of that proceeding.
 

 The Bell Telephone Company filed an answer stating that the Beaver Telephone Company was furnishing service in that locality, and that the Bell Telephone Company did not hold itself out as furnishing service therein. The Beaver Telephone Company intervened in the proceeding, participated in the hearing, and opposed the application of the complainants, claiming that it had pre-empted the territory in controversy, and that it was giving adequate service therein.
 

 After a hearing the commission made certain findings, and ordered the Bell Telephone Company to install and provide the applicants with local ex
 
 *534
 
 change telephone service from its central office at Youngstown, and to provide such service to all other residents of the Boardman school district. Both telephone companies excepted to the order of the commission, but only the Beaver Telephone Company applied for rehearing, which was denied, and that company is the only one prosecuting error to this court.
 

 The order of the commission was predicated upon the following findings of fact made by it: “That said territory [denominated the Boardman School District] is and has been the scene of a dual telephonic development by The Ohio Bell Telephone Company and its predecessors, and by The Beaver Telephone Company; that said territory is not preempted for local development by said The Beaver Telephone Company.”
 

 Basing its ruling upon these findings, the commission made the order as above stated. If these findings of the commission are properly supported by the evidence, then the legal questions presented by counsel for plaintiff in error do not arise, since there would be no invasion by either of the telephone companies of the other’s territory.
 

 It appears that, some years before, both companies had come to an understanding whereby a dividing boundary line in the Boardman school district was to mark their separate activities; but it also appears in testimony that this boundary line was ignored by both companies occupying territory on both sides thereof. This situation resulted in the commission finding that the territory was the scene of a dual telephonic development and was not pre-empted by the Beaver Telephone Company. We
 
 *535
 
 are unable to say that the commission erred in the findings so made, or that its order in respect thereto was unreasonable or unlawful. Upon the case here presented, it is the judgment of this court that the order of the commission should be affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.