Williams, J.
 

 Is the appellant, The Industrial Gas Company, a public utility under the undisputed facts
 
 ¶
 
 If so, it is subject to regulation and, moreover, the order of the appellee, the Public Utilities Commission, denying release therefrom, must be affirmed.
 

 Under Sections 614-2 (amended 116 Ohio Laws, pt. 2, 309, effective April 5, 1937),
 
 6U-2a
 
 and 614-3, General Code, a person, partnership, association or corpora
 
 *411
 
 tion “engaged in the business of supplying natural gas for lighting,
 
 power
 
 or
 
 heating
 
 purposes to consumers within this state” or “in the business of transporting natural gas *
 
 '* *
 
 through pipes or tubing, either wholly or partially within this state” is denominated a public utility and declared subject to regulation. (Italics ours.) These sections are all-embracing in that they attempt to bring within public regulation (among others) all those engaged in such businesses. Appellant contends that it is not a public utility and that any attempt to make it such by legislative fiat is violative of federal and state Constitutions. However, the constitutional question need not be considered if this court reaches the conclusion that appellant is in reality a public utility.
 

 Regarding the scope of its operations, appellant asserts: “The very nature of appellant’s business is not that of a public utility. It has never invoked the power of eminent domain, does not hold itself out to serve the public generally or to any class or division of the public generally; its business is carried on by private contracts and is of such a nature that it is not susceptible of general supervision by the commission; its charter gives it the right to carry on an industrial business only and the contracts which it does make are in competition with other fuels. Each contract is dependent upon many factors, depending upon the location of the purchaser, the availability to the system, volume of gas used and various other factors.”
 

 Appellant operated as a public utility and submitted to regulation for many years prior to the amendment of the purpose clause of its articles of incorporation. In a former proceeding heard and decided during that period, the commission denied a previous application of the appellant for withdrawal from service; then in an action brought to collect the excise tax, penalty, and maintenance fee for the years 1933 and 1934, it was held by the Court of Appeals of Franklin county, Ohio,
 
 *412
 
 that appellant was then operating as a public utility.
 
 State, ex rel. Bricker, Atty. Genl.,
 
 v.
 
 Industrial Gas Co.,
 
 58 Ohio App., 101, 16 N. E. (2d), 218. Thereafter, on November 17, 1937, a motion to certify the record was overruled by this court.
 

 The change in the purpose clause of the charter does not of itself alter the real character of appellant’s business.; at any rate the charter as amended permits the continuation of operations in the same way as theretofore except as to service to non-industrial users. It is what the corporation is doing rather than the purpose clause that determines whether the business has the element of public utility.
 
 State, ex rel. Buchanan Co. Power Trans. Co.,
 
 v.
 
 Baker,
 
 320 Mo., 1146, 9 S. W. (2d), 589;
 
 Davis
 
 v.
 
 People, ex rel. Public Utilities Commission,
 
 79 Colo., 642, 247 P., 801;
 
 Terminal Taxicab Co.
 
 v.
 
 Kutz,
 
 241 U. S., 252, 60 L. Ed., 984, 36 S. Ct., 583.
 

 The appellant with its fifty miles of pipe lines running through four counties supplying nineteen industrial plants with natural gas was rendering a service to a substantial part of the state that would ordinarily be serviced by public utilities under regulatory restrictions.
 

 It may well be urged that a corporation, calculated to compete with public utilities and take away business from them, should be under like regulatory restriction if effective governmental supervision is to be maintained. Actual or potential competition with other corporations whose business is clothed with a public interest is a factor to be considered; otherwise corporations could be organized to operate like appellant and in competition with
 
 bona fide
 
 utilities until the 'whole state would be honey-combed with them and public regulation would become a sham and delusion.
 

 What appellant seeks to do is to pick out certain industrial consumers in select territory and serve them under special contracts to the exclusion of all others
 
 *413
 
 except such private or domestic consumers as may suit its convenience and advantage. There were other industrial consumers with whom the appellant refused or failed to agree and so did not serve them. If such consumers were served at all, it must necessarily be by a competitor. If a business so carried on may escape public regulation then there would seem to be no valid reason why appellant may not extend the service to double, triple or many times the number now served without being amenable to regulative measures.
 

 A public utility to the extent of its capacity is bound to serve those of the public who need the service and are within the field of its operations, at reasonable rates and without discrimination. Section 614-12
 
 et seq.,
 
 General Code;
 
 Cincinnati, Hamilton & Dayton Rd. Co.
 
 v.
 
 Village of Bowling Green, 57
 
 Ohio St., 336, 49 N. E., 121, 41 L. R. A., 422;
 
 Butler
 
 v.
 
 Karb, Mayor,
 
 96 Ohio St., 472, 117 N. E., 953. This duty does not permit such a public service corporation to pick out good portions of a particular territory, serve only select customers under private contract, and refuse service (which it alone can give) to the remaining portions of territory and to other users.
 
 United Fuel Gas Co.
 
 v.
 
 Rd. Comm. of Kentucky,
 
 278 U. S., 300, 309, 73 L. Ed., 390, 49 S. Ct., 150. Yet it is not a controlling factor that the corporation supplying service does not hold itself out to serve the public generally. It has been held that a business may be so far affected with a public interest that it is subject to regulation as to rates and charges even though the public does not have the right to demand and receive service.
 
 German Alliance Ins. Co.
 
 v.
 
 Lewis,
 
 233 U. S., 389, 58 L. Ed., 1011, 34 S. Ct., 612, L. R. A. 1915C, 1189.
 

 Eegardless of the right of the public to demand and receive service in a particular instance, the question whether a business enterprise constitutes a public utility is determined by the nature of its operations. Each case must stand upon the facts peculiar to it.
 
 *414
 
 A corporation that serves snch a substantial part of the public as to make its rates, charges and methods of operations a matter of public concern, welfare and interest subjects itself to regulation by the duly constituted governmental authority.
 
 Clarksburg Light & Heat Co.
 
 v.
 
 Public Service Commission,
 
 84 W. Va., 638, 100 S. E., 551. Nor should the curtailment of its incidental corporate functions made with the purpose of avoiding public regulatory processes be determinative of the true character of its business. Thus, changing the purpose clause of its charter, refraining from use of the right of eminent domain, avoiding a holding out to serve the public generally and selling only to select consumers by private contract could be employed as subterfuges by many public utility companies. If the business is still affected with a public interest, it remains a public utility.
 

 It is the conclusion of this court that appellant dedicated itself to public utility service in behalf of a substantial part of the public and within a substantial area so as to make its business a matter of public concern, welfare and interest; consequently it is a public utility and subject to regulation by the Public Utilities Commission.
 

 Many other authorities within this jurisdiction have been cited by counsel but all are inapposite in the instant case; here the factual foundation is different and the question presented has not been heretofore decided.
 

 For the reasons given the order of the Public Utilities Commission will be affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Myers, Matthias and Hart, JJ., concur.