Per Curiam.

The Public Utilities Commission, in cause No. 34259, filed a motion to dismiss the appeal of Nova for the reason that the notice of appeal does not set forth the errors complained of in the order appealed from.
A majority of the court is of the opinion that the motion to dismiss is well taken. However, in view of the differences existing between the parties hereto, and in the hope of putting an end to litigation, it is believed that the wiser course is to consider the appeal as though it were properly perfected.
Although the facts herein are somewhat complicated and the maintenance of three lawsuits simultaneously in three different tribunals is somewhat confusing, the question involved in all three causes is relatively simple: Who has the responsibility for determining the operating area of a public utility?
It is the contention of Nova, in its appeal from the Public Utilities Commission, that the order can not be affirmed because Nova was furnishing service in the disputed area and Northern did not obtain a certificate of necessity under Section 4905.24, *245 Revised Code. The record discloses that no service was furnished by Nova in the disputed area. Nova did not own the plant or station equipment that had been providing telephone service in the disputed area. That was owned by those who received their telephone service therefrom. If, by receiving ancl sending calls from and to telephones in the disputed area, Nova was rendering telephone service, such service was rendered by Nova not beyond the point where it connected with the line which went into the disputed area and which was owned by others. That point was outside the disputed area. Some weight is given this argument by the Court of Appeals, which, in its opinion on the motion to dissolve the restraining order, said:
“It is our judgment that a refusal to change this map is not equivalent to a positive order permitting the defendant to give service to the parties in dispute as contemplated by Section 4905.24, R. C.” (Emphasis added.)
This argument, however, overlooks the fundamental question presented by these actions. The question involved here is not whether Nova was providing adequate service in the area, but whether the disputed area is in the service or operating area of Nova.
Although there is no statute which specifically gives the Public Utilities Commission authority to determine a boundary between the service areas of adjoining telephone companies, its power to do so would appear unquestioned both in reason and in law.
Section 614-3, General Code (Section 4905.04, Revised Code), provides:
“The Public Utilities Commission of Ohio is hereby vested with the power and jurisdiction to supervise and regulate ‘public utilities’ and ‘railroads’ as herein defined and provided and to require all public utilities to furnish their products and render all services exacted by the commission, or by law * *
Both companies involved herein are public utilities. Each is subject to an order of the Public Utilities Commission to require it to furnish service within its own area and, upon such an order, is bound to serve to the extent’of its capacity. Industrial Gas Co. v. Public Utilities Commission, 135 Ohio St., 408, 21 N. E. (2d), 166. This court has also recognized the au *246 thority of the Public Utilities Commission to determine which of two adjoining telephone companies must give service in an area where only one desires to so do. Beaver Telephone Co. v. Public Utilities Commission, 121 Ohio St., 533, 170 N. E., 173; Vandemark v. Public Utilities Commission, 155 Ohio St., 303, 98 N. E. (2d), 804. By this same reasoning, the commission has also the power to determine which of two companies must give service in an area where both desire to so do.
As between Nova and the predecessor of Northern, a boundary map was approved and filed with the commission. From this map the commission determined that the disputed area lies in that territory agreed to be the operating area of Northern, and made a finding and order to that effect. This court can not saj? that such a finding and order is unreasonable or contrary to law.
By refusing to accept the commission’s determination, the Court of Appeals was exercising revisory jurisdiction. The power to review orders of the Public Utilities Commission is vested exclusively in the Supreme Court. Section 4903.12, Revised Code.
The original restraining order issued by the Court of Appeals enjoined Northern from furnishing service “unless and until the Public Utilities Commission of Ohio gives them the right so to do.” The Public Utilities Commission has now acted and has determined that Northern has the right and the duty to furnish service. Upon such a determination, the injunction of the Court of Appeals, by its own order, ceased.
The order of the Public Utilities Commission in cause No. 34259 is affirmed.
The judgment of conviction for contempt in cause No. 34254 is reversed, and final judgment is rendered for Northern.
In the light of the above, the question presented in cause No. 34222 is moot, and the petition is dismissed.

Judgments accordingly.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.