OPINION
Defendants-appellants appeal from the September 21, 1998, Judgment Entry of the Stark County Court of Common Pleas granting plaintiff-appellee's Motion for Summary Judgment and overruling the Motion for Summary Judgment filed by defendant-appellants.
STATEMENT OF THE FACTS AND CASE, Appellant Tom Levy is the owner/occupier of property in East Canton, Ohio, which is located within the unincorporated territory of Osnaburg Township. The township has a zoning resolution, with text and maps, which regulates land use within the township. The subject property is located within a R-1 single family residential district of the township. Currently, appellant Levy is operating a for-hire licensed motor transportation company known as Braun Levy Transport, Inc. on the East Canton property. Such company hauls gravel, sand, steel, machinery, and ferrous and non-ferrous materials. Appellant Braun Levy is the holder of a Certificate of Public Convenience and Necessity issued by the Public Utilities Commission of Ohio authorizing it to operate as an intrastate motor carrier in the State of Ohio, and of a permit issued by the Federal Highway Administration authorizing it to engage in transportation as a contract carrier. The operation of a commercial business is prohibited in a R-1 residential single family district pursuant to Section 702.2(A) of Osnaburg Township Zoning Resolution. For such reason, appellee, as zoning inspector for Osnaburg Township, informed appellant Levy that his trucking violated Section 702.2(A) of the Osnaburg Township Zoning Resolution. After appellant Levy ignored appellee's repeated demands to cease operation of appellant's trucking business in the residential district, appellee, on June 19, 1998, filed a complaint against both Levy and Braun Levy Transport, Inc. in the Stark County Court of Common Pleas. Appellee, in his complaint, demanded that appellant be permanently enjoined from operating the trucking business on the subject premises in violation of the Osnaburg Township Zoning Resolution. On July 17, 1998, appellants filed an answer arguing that as a public utility, appellant and Braun Levy is exempt from township zoning regulations. A Motion for Summary Judgment was filed by appellee on August 5, 1998, to which appellants responded on August 20, 1998, by filing a Memorandum Contra and also a Cross Motion for Summary Judgment. Thereafter, appellee, on September 8, 1998, filed a response to appellants' Motion for Summary Judgment. A reply Memorandum in Support of Appellants' Cross Motion for Summary Judgment was filed on September 15, 1998. Pursuant to a Judgment Entry filed on September 21, 1998, the trial court granted appellee's Motion for Summary Judgment and denied that filed by appellants. The trial court specifically found that appellant Braun Levy Transport, Inc. is not a public utility exempt from zoning regulations under R.C. 519.211. Thereafter, a Judgment Entry was filed on October 1, 1998, permanently enjoining appellant Levy from operating his trucking business on the subject property on or before October 31, 1998, and permanently enjoining him from operating a commercial business, including a trucking company, on such property as of November 1, 1998. It is from the September 21, 1998, Judgment Entry that appellants prosecute their appeal, raising the following assignments of error:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN CONCLUDING THAT OHIO LAW PROVIDES NO LEGISLATIVE DEFINITION OF A PUBLIC UTILITY.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN CONCLUDING THAT DEFENDANTS/APPELLANTS DO NOT PROVIDE A PUBLIC SERVICE.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN CONCLUDING THAT DEFENDANTS'/APPELLANTS' TRANSPORTATION BUSINESS IS NOT A MATTER OF PUBLIC CONCERN.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN CONCLUDING THAT DEFENDANTS'/APPELLANTS' TRANSPORTATION BUSINESS WAS NOT A PUBLIC UTILITY UNDER OHIO REVISED CODE SECTION 519.211, AND THUS, EXEMPT FROM TOWNSHIP ZONING REGULATIONS.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(c) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1966), 75 Ohio St.3d 280. It is based upon this standard we review appellants' assignments of error.
 I, II, III, IV
Since all of appellants' four assignments of errors concern whether appellant Braun Levy Transport, Inc. is a public utility within the scope of R.C. 519.211 and, therefore, exempt from Osnaburg Township's zoning regulations, the assignments shall be addressed together. R.C. 519.211(A) provides, in relevant part, as follows: ". . . sections 519.02 to 519.25 of the Revised Code confer no power on any board of township trustees or board of zoning appeals in respect to the location, erection, construction, reconstruction, change, alteration, maintenance, removal, use, or enlargement of any buildings or structures of any public utilities or railroad, whether publicly or privately owned, or the use of land by any public utility or railroad, for the operation of its business. (Emphasis added).
Thus, with limited exceptions that are not applicable, public utilities are exempted from township zoning regulations. At issue in this matter is whether a commercial trucking business such as appellant Braun Levy fits within the definition of a "public utility" as such term is used in R.C. 519.211. R.C. 519.211 does not itself provide a definition of the term "public utility." Appellants contend, however, that the definition of public utility is clearly laid out in R.C. 4905.02 and 4905.03. R.C. 4905.02
states, in pertinent part, as follows: "As used in this chapter, "public utility" includes every corporation, company, . . . defined in Section 4905.03 of the Revised Code, . . . " (Emphasis Added). R.C. 4905.03(A)(3), in turn, provides that a motor transportation company is a pubic utility "when engaged in the business of carrying and transporting persons or property or the business of providing or furnishing such transportation service, for hire, in or by motor-propelled vehicles of any kind, including trailers, for the public in general, over any public street, road, or highway in this state. . . ." This court, however, does not concur with appellants' contention that the definition of public utility contained in R.C. 4905.02 and 4905.03 is applicable. R.C. 4905.02
clearly and unambiguously provides, through the use of the phrase "As used in this chapter," that the above definition of "public utility" is for the purposes of R.C. Chapter 4905 only. Chapter 4905 outlines the general powers of the Public Utilities Commission. Even though Braun Levy may be a public utility for the purpose of regulation by the Public Utilities Commission under Chapter 4905, "that designation of control does not make it a utility in fact under R.C. 519.21." McGinnis v. Quest Microwave VII, Inc. (1985), 24 Ohio App.3d 220, 221. Whether or not a particular entity is a public utility is a mixed question of law and fact. A B Refuse Disposers, Inc. v. Ravenna Twp. Bd. of Trustees (1992), 64 Ohio St.3d 385, 387, citing to Marano v. Gibbs (1989), 45 Ohio St.3d 310, 311. Although case law provides a list of characteristics that are common to public utilities, none of the characteristics is controlling and each case must be decided on its particular facts. Montville Bd. of Twp. Trustees v. WDBN, Inc. (1983), 10 Ohio App.3d 284 and Indus. Gas Co. v. Pub. Util. Comm. (1939), 135 Ohio St. 408. However, "[w]hile the definition of a `public utility' is a flexible one, the entity must provide evidence that it possesses certain attributes associated with public utilities or its claim to that status must fail." A B Refuse Disposers, Inc. supra, syllabus. Public utilities "possess certain common attributes or characteristics which courts employ in determining the nature of an entity's operations." A B Refuse, supra. at 387. One characteristic that public utilities share in common is that they provide an essential good or service to the general public which has a legal right to demand or receive such good or service. Id., citing S. Ohio Power Co. v. Pub. Util. Comm. (1924) 110 Ohio St. 246, 252. The good or service must be provided to the public "indiscriminately and reasonably." Id., citing Marano, supra at 311. Furthermore, the good or service cannot be arbitrarily or unreasonably withdrawn. Id., citing Freight, Inc. v. Northfield Ctr. Twp. Bd. of Trustees (1958), 107 Ohio App. 288, 293. The second recognized characteristic of a public utility is that the nature of its operation is a matter of public concern. "Although no one factor is controlling in determining whether an entity conducts its operation in such a manner as to be a matter of public concern, we must weigh several, including lack of competition in the local marketplace, the good or service provided, and the existence of regulation by government authority, in order to determine whether an entity conducts its business in such a way as to become a matter of public concern." Campanelli v. A T Wireless Serv., Inc. (1999), 85 Ohio St.3d 103, 106, citing A B Refuse, supra. at 388. The first issue for determination is whether appellants provide an essential good or service to the general public which has a legal right to demand or receive such good or service and whether the good or service is provided to the public in an indiscriminate and reasonable manner. Appellants, in support of their contention that appellant Braun Levy satisfies this attribute of a public utility, presented the trial court with sworn affidavits signed by Edward K. Braun, Vice President/Treasurer of appellant Braun Levy Transport, Inc., and by appellant Thomas E. Levy stating that "Braun Levy Transport, Inc.'s transportation services are indiscriminately and reasonably made available to the general public" and that Braun Levy is a "for-hire" licensed transportation company. Appellants, to demonstrate that Braun Levy provides an essential service to the public, also submitted to the trial court copies of checks from various businesses payable to Braun Levy for Braun Levy's services and a certified copy of appellant Braun Levy's Certificate of Public Convenience and Necessity. Despite the above affidavits and other evidentiary material submitted by appellants, there is no evidence that, in fact, appellants provide an essential service to the public which has a legal right to demand the same or that the service is provided indiscriminately and reasonably or that a substantial part of the township residents actually avail themselves of appellants' service. See A B Refuse, supra. at 390. The Ohio Supreme Court in A B Refuse, "specifically rejected the assertion that . . . any business which merely claims that its service, are "open to the public" can be characterized as a public utility." Id. at 389. There is no evidence in the record as to the necessity of the service that appellants provide to the public. Nor did appellants present the trial court with any evidence demonstrating that their trucking service cannot be arbitrarily or unreasonably withdrawn. Moreover, appellants' trucking service, which involves hauling gravel, sand, steel and other material, is not an "essential" service in the same manner as water or electric service. Not only did appellants fail to offer sufficient evidence to the trial court as to the "public service" characteristic of a public utility, but they also offered insufficient evidence as to the "public concern" characteristic of a public utility. The only evidence that appellants presented to the trial court in support of their contention that they conduct their trucking operation in such a manner as to be a matter of public concern is the Certificate of Public Convenience and Necessity issued to appellant Braun Levy by the Public Utilities Commission of Ohio. However, "the fact that a business is regulated by a governmental body, including a public utilities commission, is not dispositive of the question of whether that business is a "public utility" for the purpose of . . . R.C. 519.211." A B Refuse supra, at 389. Moreover, normally, a public utility is either an oligopoly or a monopoly. Id. at 388. Appellants, however, presented no evidence to the trial court regarding competition for trucking in the local marketplace and appellant Braun Levy's position in the same. While none of these factors are controlling "[n]evertheless, in a case where the business enterprise serves such a substantial part of the public that its rates, charges and methods of operation become a public concern, it can be characterized as a public utility." A B Refuse, supra. at 385, citing to Indus. Gas Co. v. Pub. Util. Comm., at 414. We cannot say such is the case with appellant Braun Levy. Based on the foregoing, this court finds that appellants have not met their burden of proving that appellant Braun Levy possesses the characteristics associated with public utilities. Since appellants failed to meet their burden, appellant Braun 
Levy is not entitled to public utility status and is not exempt from Osnaburg Township's zoning regulations. Since there are no genuine issues of material fact in dispute, all of appellants' assignments of error are overruled. The permanent injunction issued by the trial court on October 1, 1998, shall remain in effect.
The judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J Gwin, P.J. and Farmer, J. concur